460 So.2d 564 (1984)
Sandra NEILINGER and Eric Neilinger, Her Husband, Appellants,
v.
BAPTIST HOSPITAL OF MIAMI, INC., a Florida Corporation, Appellee/Cross Appellant, and
The Florida Patient's Compensation Fund, Appellee/Cross Appellee.
No. 84-451.
District Court of Appeal of Florida, Third District.
December 18, 1984.
*565 Brumer, Cohen, Logan & Kandell and Karen A. Curran, Miami, for appellants.
Parenti & Falk, Greene & Cooper and Robyn Greene and Joan Bolotin, Miami, for Baptist Hosp. of Miami, Inc.
Thomas R. Post, Evan J. Langbein, Miami, for Florida Patient's Compensation Fund.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal and cross appeal from a final summary judgment entered in favor of the defendant Florida Patient's Compensation Fund on the basis that the plaintiffs' cause of action was time-barred by the two-year statute of limitations for medical malpractice actions [§ 95.11(4)(b), Fla. Stat.(1979)]. This is also an appeal from an interlocutory order which limits the defendant Baptist Hospital, Inc.'s liability, if any, to $100,000 in damages under Section 768.54(2)(b), Florida Statutes (1979).
We affirm the final summary judgment under review for two reasons. First, we are convinced that the claim filed by the plaintiffs herein is an "action for malpractice" because it is "a claim in tort *566 ... for damages because of ... injury ... to [a] person arising out of ... medical ... care by [a] provider of health care," § 95.11(4)(b), Fla. Stat. (1979), thereby making the claim against the defendant Florida Patient's Compensation Fund time-barred by the two-year statute for medical malpractice claims. The claim filed by the plaintiffs herein arises out of Baptist Hospital's allegedly negligent medical care of the plaintiff Sandra Neilinger while she was a maternity patient at the hospital. Mrs. Neilinger slipped and fell on a pool of amniotic fluid while she was descending from an examination table under the direction and care of hospital employees at the said hospital. See Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla. 3d DCA 1976). Therefore, unlike in Durden v. American Hospital Supply Corp., 375 So.2d 1096 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 633 (Fla. 1980), the health care provider herein was performing medical services for the said plaintiff at the time of the alleged injury. Second, the Florida Patient's Compensation Fund, in accordance with the weight of authority, is entitled to rely on the two-year statute of limitations for medical malpractice claims against health care providers, where, as here, the Fund is made a party defendant. Robison v. Florida Patient's Compensation Fund, 458 So.2d 1225 (Fla. 3d DCA 1984); Fabal v. Florida Keys Memorial Hospital, 452 So.2d 946 (Fla. 3d DCA 1984); Lugo v. Florida Patient's Compensation Fund, 452 So.2d 633 (Fla. 3d DCA 1984); Taddiken v. Florida Patient's Compensation Fund, 449 So.2d 956 (Fla. 3d DCA 1984); Burr v. Florida Patient's Compensation Fund, 447 So.2d 349 (Fla. 3d DCA), pet. for review denied, 453 So.2d 43 (Fla. 1984); contra Florida Patient's Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984). We reject the argument that the applicable statute of limitations is the four-year statute for actions founded on a statutory liability. § 95.11(3)(f), Fla. Stat. (1979).
We have no jurisdiction to entertain the appeal from the interlocutory order limiting the liability of the defendant Baptist Hospital, Inc. to $100,000 pursuant to Section 768.54(2)(b), Florida Statutes (1979), because it is not among the non-final orders made appealable under Fla.R.App.P. 9.130(a). We therefore treat the appeal from this order as a petition for a writ of certiorari, see Fla.R.App.P. 9.040(c), and deny the petition because the said order does not constitute a departure from the essential requirements of law. Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1198 (Fla. 1980).
The final summary judgment entered in favor of the defendant Florida Patient's Compensation Fund is affirmed. The appeal taken from the interlocutory order limiting the liability of the defendant Baptist Hospital, Inc. to $100,000 is treated as a petition for a writ of certiorari and the said petition is denied.
Affirmed in part; certiorari denied in part.