681 So.2d 711 (1995)
Granville Steven LILES, individually and as guardian of the property of Shawn Christopher Liles, a minor, Appellant,
v.
P.I.A. MEDFIELD, INC., d/b/a Medfield Center; and Dr. Scott Permesly, Appellees.
No. 94-04519.
District Court of Appeal of Florida, Second District.
November 3, 1995.
Francis R. Lakel, Tampa, for Appellant.
Patricia J. Kelly and Kenneth C. Deacon, Jr., of Harris, Barrett, Mann & Dew, St. Petersburg, for Appellee P.I.A. Medfield.
Ted R. Manry, III, and H. Vance Smith of Macfarlane Ausley Ferguson & McMullen, Tampa, for Appellee Permesly.
BLUE, Judge.
Granville Steven Liles, individually and as guardian of the property of Shawn Christopher Liles, appeals the dismissal with prejudice of his complaint against P.I.A. Medfield, Inc., and Dr. Scott Permesly. The circuit court determined that the complaint presented allegations arising out of the provision of medical care and dismissed the complaint based on Liles' failure to comply with the medical malpractice presuit screening requirements and the applicable two-year statute of limitations. Because the complaint alleges negligent acts and not medical malpractice, we reverse the dismissal.
Liles' complaint against the hospital and the doctor is premised on their alleged failure to comply with the involuntary commitment provisions of the Baker Act, chapter 394, Florida Statutes (1989). In dismissing the case, the circuit court relied on Doe v. HCA Health Services of Florida, Inc., 640 So.2d 1177 (Fla. 2d DCA 1994). The Doe opinion states, in pertinent part, "that each of the several allegations of the complaint arose out of the rendering of medical care by licensed health care providers subject to the prevailing professional standard of care, and compliance with chapter 766 was required." 640 So.2d at 1178. However, the critical distinction between these cases is that in Doe, the plaintiff alleged compliance with the Baker Act. Liles' allegations are based on the defendants' failure to comply with the Baker Act. Our review requires us to determine *712 whether compliance with the requirements of the Baker Act involves the rendering of medical care or services.
The test for determining whether a defendant is entitled to the benefit of the presuit screening requirements of section 766.106(1), Florida Statutes (1989), is whether the defendant is directly or vicariously liable under the medical negligence standard of care set forth in section 766.102(1). Weinstock v. Groth, 629 So.2d 835 (Fla.1993) (citing NME Properties, Inc. v. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991)). Under section 766.106(1)(a), a "claim for medical malpractice" is defined as "a claim arising out of the rendering of, or the failure to render, medical care or services." Not every wrongful act by a health care provider amounts to medical malpractice. See Stackhouse v. Emerson, 611 So.2d 1365 (Fla. 5th DCA 1993) (plaintiff was entitled to plead claims of intentional torts unrelated to, or independent of, medical diagnosis, care or treatment).
Liles' complaint includes a count alleging false imprisonment. A claim for the tort of false imprisonment can be asserted based on allegations that a person was involuntarily held without compliance with the Baker Act. See Everett v. Florida Institute of Technology, 503 So.2d 1382 (Fla. 5th DCA 1987). After examining the provisions of the Baker Act, we conclude that its involuntary commitment procedures do not involve the rendering of medical care or services. Although a medical diagnosis is necessary in order to involuntarily commit a patient, the process of complying with the statute does not require medical skill or judgment.
Because Liles was not required to comply with the medical malpractice screening requirements, the court erred in dismissing the complaint on that basis. Accordingly, we reverse and remand to the trial court for further proceedings.
FRANK, A.C.J., and FULMER, J., concur.