675 So.2d 226 (1996)
Cheree M. ROBINSON, Appellant,
v.
WEST FLORIDA REGIONAL MEDICAL CENTER, Appellee.
No. 95-2001.
District Court of Appeal of Florida, First District.
June 18, 1996.
*227 Richard P. Warfield, Pensacola, for Appellant.
William K. Thames, II of Lozier, Tipton, Tipton & Thames, Pensacola, for Appellee.
PER CURIAM.
This is an appeal from a final summary judgment. The question presented is whether the undisputed facts in the record established that the claim asserted was one for medical malpractice, and thus barred by the two year statute of limitations, or for simple negligence, in which case the four year limitations period had not yet run. The undisputed facts in the record do not conclusively demonstrate that the claim was for medical malpractice, therefore we reverse.
While a patient at the Pavilion, a psychiatric facility at West Florida Regional Medical Center ("West Florida"), appellant was attacked and injured by a man who was also a patient at the Pavilion. In her complaint she alleged West Florida "negligently failed to maintain the premises known as The Pavilion in a safe condition, by negligently failing to provide adequate security for the safety and well being of its occupants including the Plaintiff." She further alleged that the person who assaulted her had previously assaulted another patron at the Pavilion, and that this fact was known to West Florida. In her deposition, appellant indicated that at the time of the assault, she was alone in her room in a closed ward of the facility.
West Florida moved for summary judgment, asserting that appellant's claim was that she was assaulted because it had negligently failed to adequately supervise appellant and another mental patient, thus the claim was for medical negligence. West Florida contended that the manner in which mental patients are supervised is necessarily governed by a medical standard of care. The trial court granted summary judgment, finding that the undisputed facts established that the two year statute of limitations for medical malpractice applied.
Appellant contends that the testimony of a medical expert is not required to prove a breach of West Florida's duty to maintain premises in a reasonably safe condition for its patrons. She contends further that, in any event, the issue is whether she alleged a cause of action for breach of a duty arising out of medical or surgical diagnosis, treatment, or care, as those terms are defined in Silva v. Southwest Florida Blood Bank, Inc., 601 So.2d 1184 (Fla.1992), or a cause of action for premises liability due to inadequate security.
As outlined above, the undisputed facts on which the summary judgment was entered consist of little more than the allegations in appellant's complaint, with the additional information from appellant's deposition that the person who assaulted her was another psychiatric patient, and that at the time of the assault she was in her room on the closed psychiatric ward of the Pavilion. This case bears a strong factual similarity to Palm Springs General Hospital, Inc. v. Perez, 661 So.2d 1222 (Fla. 3d DCA 1995), in which a *228 hospital patient was assaulted by another patient. Denying the hospital's petition for certiorari after the circuit court denied its motion to dismiss for failure to comply with medical malpractice screening requirements, the district court determined "that the action below sounds in common law negligence, not medical malpractice, as it is, in effect, a premises liability case arising out of a criminal attack by a third party." 661 So.2d at 1222. We believe the quoted language also describes the present case. In attempting to distinguish Perez, appellee argues that "clearly whether or not a psychiatric patient is being properly supervised by hospital employees or whether a psychiatric patient poses a danger to other patients is an issue to be determined in accordance with applicable professional standards." We do not agree that a clear distinction exists simply because appellant and her assailant were psychiatric patients, or that, as a matter of law, this type of case involves only medical malpractice.
On its face, the complaint, to which the deposition testimony adds few facts, is for inadequate security, independent of any medical diagnosis, treatment, or care. See Broadway v. Bay Hospital, Inc., 638 So.2d 176 (Fla. 1st DCA 1994); Stackhouse v. Emerson, 611 So.2d 1365 (Fla. 5th DCA 1993). On this sparse record, we cannot say with certainty that the claim arises "out of the rendering of medical care by licensed health care providers subject to the prevailing professional standard of care." See Doe v. HCA Health Services of Florida, Inc., 640 So.2d 1177 (Fla. 2d DCA 1994). "If there is doubt as to the applicability of such a statute [of limitations], the question is generally resolved in favor of the claimant." J.B. v. Sacred Heart Hospital, 635 So.2d 945 (Fla. 1994). That conduct occurs in a medical setting does not necessarily mean it involves medical malpractice. See, e.g., Garcia v. Psychiatric Institutes of America, 638 So.2d 567 (Fla. 5th DCA 1994). While it may be possible for appellee to show, with further development of the record, by way of proof of its affirmative defense, that any wrongful conduct on its part did arise from medical diagnosis, treatment or care, the undisputed facts in the record do not demonstrate, at this point, that is necessarily the case. See generally Stackhouse.
The summary judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
JOANOS, BENTON and VAN NORTWICK, JJ., concur.