692 So.2d 1002 (1997)
Tongala LYNN, Appellant,
v.
MOUNT SINAI MEDICAL CENTER, INC., a Florida corporation, Appellee.
No. 96-2770.
District Court of Appeal of Florida, Third District.
May 7, 1997.
*1003 Leesfield, Leighton & Rubio, and George G. Mahfood, Miami, for appellant.
Womack, Appleby & Brennan, and Eric Colburn Sage, Plantation, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Tongala Lynn ("Lynn"), appeals an order dismissing her complaint for negligence under the medical malpractice statute of limitations. Lynn contends that the "medical services" language of the statute does not apply to the regimented collection of urine samples by a health care provider. We agree and reverse.
The terms of Lynn's employment as a Dade County corrections officer required her to submit to a bi-annual physical examination and urine test to screen for drugs. Appellee, Mt. Sinai Medical Center, Inc. ("Mt. Sinai"), is a health care provider who performed the physical examinations for the County and collected the urine samples. To prevent wrongful termination of employees based on incorrectly labeled urine specimens, Mt. Sinai contractually agreed to follow a detailed collection protocol supplied by the County. This protocol required that Mt. Sinai maintain the specimen in the employee's presence while it was capped, labeled, and sealed. In addition, the container had to be initialed by the employee before it could be transferred to an independent laboratory for testing.
On August 20, 1992, Lynn reported to Mt. Sinai for her mandatory physical examination and urine test. During the course of the urine test, her sample was allegedly mixed up with another one and mislabeled by Mt. Sinai staff. Mt. Sinai also did not notify Lynn to remain in the presence of the specimen until it was sealed and transferred for testing. When this mislabeled specimen was tested, it revealed traces of cocaine, and Lynn's employment was subsequently terminated by the County. Lynn denied cocaine use, and was reinstated in November of 1995 after an arbitrator found that the mislabeled urine specimen was from a man.
On August 2, 1996, Lynn sued Mt. Sinai for financial loss, embarrassment, humiliation and mental anguish, contending that since she was a known third party beneficiary under the agreement between Dade County and Mt. Sinai, the hospital owed her a duty to collect her sample with reasonable care, thereby preventing an erroneous or false report of drug use. The trial court dismissed the complaint on the grounds that Lynn did not pursue the required pre-trial notice and screening procedures established under the Medical Malpractice Act, and filed her complaint after the expiration of the two year medical malpractice statute of limitations. See § 95.11(4)(b), Fla.Stat. (1992).
The Medical Malpractice Act provides a two year statute of limitations from the time of the incident, or discovery, and applies to any:
claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. § 95.11(4)(b), Fla.Stat. (1992).
Merely because a wrongful act occurs in a medical setting does not necessarily mean that it involves medical malpractice. Durden v. American Hosp. Supply Corp., 375 So.2d 1096 (Fla. 3d DCA (1979))(complaint grounded in general negligence after finding no medical diagnosis, treatment, or care rendered by blood collection agency to patient who sold his blood), cert. denied, 386 So.2d 633 (Fla.1980); Robinson v. West Florida Regional Medical Ctr., 675 So.2d 226 (Fla. 1st DCA 1996). The wrongful act must be directly related to the improper application of medical services, and the use of professional judgment or skill. Liles v. P.I.A. Medfield, Inc., 681 So.2d 711 (Fla. 2d DCA 1995)(general negligence claim allowed were process of complying with statutory requirements did not involve medical skill or judgment).
*1004 Mt. Sinai did not engage in any medical skill or judgment by collecting and shipping out urine specimens to an independent laboratory, because it only functioned as an intermediary following the strict guidelines set by the County. Moreover, Mt. Sinai did not even test the samples they collected. Additionally, a "diagnosis" under the statute is interpreted as "ascertaining a patient's medical condition through examination and testing, prescribing and administering a course of action to effect a cure, and meeting the patient's daily needs during the illness." Silva v. Southwest Florida Blood Bank, Inc., 601 So.2d 1184 (Fla.1992). This applies to patients submitting to tests in order to diagnose illnesses. By contrast, the urine samples were not analyzed at all, but only screened for drugs as per the hospital's agreement with the county.
Consequently, as no professional skill or judgment was performed by Mt. Sinai, the collection of the urine sample was not a medical service as defined by the statute. See Palm Springs Gen. Hosp., Inc., v. Perez, 661 So.2d 1222 (Fla. 3d DCA 1995), rev. denied, 670 So.2d 939 (Fla.1996)(statutorily mandated pre-suit administrative procedures not necessary to sue hospital for negligence or intentional torts when wrongful conduct is not medical malpractice). Therefore, the liability of the hospital stems from a breach of the duty of ordinary care in not following the protocol required by Dade County. See J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945 (Fla.1994)(general negligence allowed where hospital failed to warn driver that his brother had AIDS); Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3d DCA 1977)(plaintiff not required to submit to statutory mediation for claims arising from assault by hospital employee within the scope of employment).
The court cannot allow hospitals to use medical malpractice as a convenient shield for all the torts which medical personnel may commit. The regimented collection of urine samples is not a "medical service." Consequently, the claims were improperly dismissed as being time barred under the two year limitation for medical malpractice. Silva, 601 So.2d at 1184; Durden, 375 So.2d at 1096.
Reversed.