768 So.2d 1251 (2000)
LAKE SHORE HOSPITAL, INC., a subsidiary of SantaFe Healthcare, Inc., Petitioner,
v.
Betty CLARKE and Charles Clarke, wife and husband, Respondents.
No. 1D00-1151.
District Court of Appeal of Florida, First District.
October 17, 2000.
Gary L. Sanders of Bice, Glenny, Sanders & Reichert, P.L., Ocala, for Petitioner.
Michael H. Weiss, Gainesville, for Respondents.
PER CURIAM.
Lake Shore Hospital, Inc., petitions for a writ of certiorari seeking to review an order denying its motion to dismiss the complaint of Betsy Clarke and Charles Clarke, respondents, for failure to follow the pre-suit requirements of section 766.106, Florida Statutes (1997), before proceeding with this lawsuit. The Clarkes' negligence action sought to recover damages for injuries suffered by Mrs. Clarke while a patient in Lake Shore Hospital when she fell as she walked from her hospital bed to the bathroom. Because the allegations of the complaint do not seek to state a cause of action for medical negligence under section 766.102, we agree with the trial court that the complaint does not provide a basis to apply the presuit *1252 conditions of section 766.106. See Robinson v. W. Fla. Regional Med. Ctr., 675 So.2d 226, 228 (Fla. 1st DCA 1996)("That conduct occurs in a medical setting does not necessarily mean it involves medical malpractice."); Liles v. P.I.A. Medfield, Inc., 681 So.2d 711, 712 (Fla. 2d DCA 1995)("The test for determining whether a defendant is entitled to the benefit of the presuit screening requirements of section 766.106 ... is whether the defendant is... liable under the medical negligence standard of care set forth in section 766.102(1)."); Feifer v. Galen of Florida, Inc., 685 So.2d 882, 885 (Fla. 2d DCA 1996)(presuit requirements of chapter 766 do not apply to "slip and fall" negligence action arising on premises of medical care provider). We distinguish the case relied upon the appellant, Neilinger v. Baptist Hosp. of Miami, Inc., 460 So.2d 564 (Fla. 3d DCA 1984). As we explained in Broadway v. Bay Hosp., Inc., 638 So.2d 176, 177 (Fla. 1st DCA 1994), the complaint in Neilinger alleged that the plaintiff therein, a maternity patient, "slipped and fell on a pool of amniotic fluid while descending from an examination table under the direction and care of employees of the hospital" and hence, the complaint in Neilinger, "on its face alleged breach of a professional standard of care."
Appellant has failed to demonstrate that the lower court acted without, or in excess of, its jurisdiction, or that the order under consideration departs from the essential requirements of law causing material injury. See Shands Teaching Hosp. and Clinics, Inc. v. Barber, 638 So.2d 570, 571 (Fla. 1st DCA 1994). Accordingly, we deny the petition.
JOANOS, LAWRENCE AND VAN NORTWICK, JJ., CONCUR.