843 So.2d 356 (2003)
Maria PUENTES and Jose Puentes, Appellants,
v.
TENET HIALEAH HEALTHSYSTEM, Appellee.
No. 3D02-2107.
District Court of Appeal of Florida, Third District.
April 30, 2003.
*357 Orville McKenzie, for appellants.
Parenti, Falk, Waas, Hernandez & Cortina, and Norman M. Waas, Coral Gables, for appellee.
Before GODERICH, SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
Maria and Jose Puentes appeal the dismissal of their negligence suit against appellee Tenet Hialeah Healthsystem ("Hialeah Hospital") for failure to comply with the presuit notice requirements of chapter 766.106(1)(a), Florida Statutes (1999). We affirm because the negligence action arises from Puentes' course of treatment.
Maria Puentes had dinner at El Submarino restaurant on the evening of May 19, 1999. She ordered a fish dinner and immediately had an allergic reaction. Her symptoms became progressively worse, so she went to Hialeah Hospital two days later. The hospital gave her Benadryl and sent her home. Her condition again worsened. She returned to the hospital and was admitted to the intensive care unit.
Her attending physician ordered a hypoallergenic diet free of eggs, milk or orange juice. The hospital kitchen employees failed to follow that order. Puentes' condition worsened as a result of eating eggs, milk or orange juice. Her doctor then spoke personally with the dietician, but Puentes continued to receive a nonhypoallergenic diet which caused her condition to worsen further. She spent a total of eight days in the intensive care unit.
Puentes sued both the restaurant and the hospital for negligence. The trial court granted the hospital's motion to dismiss Puentes' complaint against it, finding that the hospital was entitled to presuit notice as a "health care provider" under section 766.105, Florida Statutes (1999). Because the two year statute of limitations for medical malpractice suits had expired, the trial court dismissed the complaint with prejudice.
Puentes argues that the hospital was not entitled to presuit notice because the hospital's dieticians and kitchen employees are not included in the statutory definition of "health care provider." See Fla. Stat. § 766.105 (1999). We do not agree. Puentes' argument is identical to the appellant's argument in Goldman v. Halifax Med. Ctr., Inc., 662 So.2d 367, 368 (Fla. 5th DCA 1995), where Goldman argued that the active tortfeasora radiologic technicianwas not a statutorily defined health care provider so it would be illogical to make her comply with chapter 766 presuit notice requirements. The Fifth District held that chapter 766 presuit requirements must be met when a hospital employee causes injury during the course of treatment for the patient's health. Id. at 369. In Goldman, the injury occurred when the patient's breast implant ruptured during the taking of a mammogram by the hospital's radiologic technician. The court concluded that the technician was providing health care and that her negligence should be treated as the hospital's negligence so that compliance with section 766.106 notice requirements was required.
In this case, Puentes alleges that the dieticians and kitchen employees aggravated *358 her condition by giving her a diet contrary to what her doctor had ordered. We conclude that Puentes' diet was part of her medical treatment because her medical condition is what caused the doctor to order the hypoallergenic diet and to speak personally with the dietician when his orders were not followed. Negligence arises here only in the context of Puentes' medical condition. The hospital would not be negligent for giving a nonhypoallergenic meal to someone whose medical condition did not require otherwise.
Puentes' claim is thus an action for medical malpractice as it arises out of "the rendering of or failure to render, medical care or services." See § 766.106(1)(a), Fla. Stat.(1999); see also J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 947 (Fla.1994) (medical malpractice is a claim for damages arising out of the treatment or care by any health provider). At trial, Puentes must show that the hospital's failure to give her a hypoallergenic meal fell below the standard of care for patients who require special diets, thereby giving rise to the cause of action. See Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 327-28 (Fla. 1st DCA 2002). ("To prevail in a medical malpractice case, a plaintiff must establish the standard of care owed by the defendant, the defendant's breach of the standard of care, and that such breach proximately caused the alleged damages.").
We therefore conclude that the trial court correctly dismissed the claims against the hospital due to Puentes' failure to comply with statutory notice requirements because Hialeah Hospital was entitled to presuit notice.
Affirmed.