SILBERMAN, Judge.
William Best appeals a final summary judgment entered in favor of Lakeland Regional Medical Center (the Hospital). We affirm the trial court’s determination that the medical malpractice statute of repose bars Mr. Best’s claims.
In 1992 and 1993, Mr. Best underwent four heart procedures (including percuta-neous transluminal coronary angioplasty procedures and catherizations) that involved the use of radiation equipment (x~ rays) at the Hospital. Within a few days after his discharge following the third procedure, a small patch of blisters appeared on his back. Mr. Best stated that after the blisters healed, his skin looked like there had been a burn and there was a “real bad scar.” His wife suggested that the blisters may have been “shingles.”
In October 1999, the scarred area on Mr. Best’s back became inflamed and larger. The area drained, scabbed over, and *425 the scab did not go away. In January 2001, Mr. Best’s doctor told Mr. Best that he thought it was a radiation burn. Later, an expert opined that the burn was consistent with the timing of the radiation that Mr. Best received from the procedures that were performed in 1992 and 1993.
Mr. Best filed suit in August 2002. He alleged that he was injured through his exposure to excessive and harmful amounts of radiation during the heart procedures. He asserted claims of medical malpractice; ordinary negligence due to failure to operate, maintain, and calibrate the radiation equipment; negligent training and supervision; and failure to warn and minimize the risk of an ultra-hazardous activity.
The Hospital filed a motion for summary judgment, contending the record evidence established that the claims were barred by the two-year statute of limitations applicable to medical malpractice claims, the four-year statute of repose applicable to medical malpractice claims, and the four-year statute of limitations applicable to negligence claims. See § 95.11(3)(a), (4)(a), Fla. Stat. (1991).
The trial court determined that, based on the analysis provided in Silva v. Southwest Florida Blood Bank, Inc., 601 So.2d 1184 (Fla.1992), Mr. Best’s claims did not involve ordinary negligence. Instead, they were the result of medical malpractice because they arose from the medical diagnosis, treatment, or care of Mr. Best, and the procedures were carried out by individuals who are properly categorized as health care providers. Citing to Kush v. Lloyd, 616 So.2d 415 (Fla.1992), the trial court found that the four-year statute of repose contained in section 95.11(4)(b) applied. Because the malpractice occurred no later than 1993, the four-year statute of repose expired in 1997. Noting that Mr. Best did not file suit until 2002, the trial court entered summary judgment in favor of the Hospital, concluding that the statute of repose barred his claims.
On appeal, Mr. Best raises two issues. First, he argues that the record supported a claim for ordinary negligence. We cannot agree. As the expert evidence established, the injury was consistent with and characteristic of radiation injury and was consistent with the use of radiation equipment during Mr. Best’s treatment. The record establishes that Mr. Best’s injury occurred in connection with medical diagnosis, treatment, and care provided by health care providers. See Silva, 601 So.2d at 1186; Neilinger v. Baptist Hosp. of Miami, Inc., 460 So.2d 564, 566 (Fla. 3d DCA 1984) (determining that claim was for medical malpractice when a maternity patient “slipped and fell on a pool of amniotic fluid while she was descending from an examination table under the direction and care of hospital employees”).
Second, Mr. Best contends that he did not learn he had been injured as a result of excess radiation exposure until 2001.[1] He asserts that if the statute of repose is applied, then his cause of action was extinguished before he knew of his injury and before his cause of action accrued. He states that the statute of repose is particularly troublesome in cases of radiation injury because the injury may not manifest itself until years after the occurrence of the incident that gave rise to the injury. For these reasons, he argues that we should hold that the statute of repose is unconstitutional to the extent it *426 extinguishes a claim before it accrues. Again, we cannot agree.
The Florida Supreme Court has “held that the statutory repose period for medical malpractice actions does not violate the constitutional mandate of access to courts, even when applied to a cause of action which did not accrue until after the period had expired.” Kush, 616 So.2d at 421 (citing Carr v. Broward County, 541 So.2d 92 (Fla.1989)). Based on the controlling precedent, we conclude that the trial court properly entered summary judgment in favor of the Hospital.
Affirmed.
FULMER and SALCINES, JJ., Concur.

. Although Mr. Best stated that he did not connect the blistering and scarring that occurred in 1993 to the procedures that he received in 1992 and 1993, the evidence indicates that these manifestations are consistent with and characteristic of radiation injury.