PER CURIAM.
Mount Sinai Medical Center (“Mount Sinai”) petitions this Court for a writ of certiorari, claiming error in the trial court’s orders (1) denying Mt. Sinai’s Motion to Dismiss Costel Fotea’s (“Fotea”) Complaint for failure to comply with the statutory presuit requirements of Chapter 766, Florida Statutes; and (2) striking Mount Sinai’s Answer which asserts affirmative defenses for failure to comply with the presuit requirements. We grant the petition as it relates to the trial court’s denial of Mount Sinai’s Motion to Dismiss because the allegations in the Complaint satisfy the “medical services” provision of Chapter 766.
Fotea filed suit against Mount Sinai claiming he was improperly committed pursuant to the Baker Act[1] following a laboratory error at Mount Sinai. The Complaint alleges that while Fotea was at Mt. Sinai awaiting a CT scan prescribed by his chiropractor, he was approached by a lab tech for blood and urine samples. Fotea alleges that because the lab results indicated high levels of alcohol and illegal drugs, Mount Sinai Baker Acted Fotea.
Section 766.106, Florida Statutes, requires that a plaintiff, claiming medical negligence or medical malpractice, give notice to prospective defendants of the intent to initiate litigation prior to filing suit. § 766.106(2), Fla. Stat. (2003). This notice requirement then triggers preliminary discovery and investigation. § 766.106(3), Fla. Stat. (2003). Section 766.106(1), Florida Statutes,' defines “medical negligence” and “medical malpractice” as a claim “arising out of the rendering of, or the failure to render, medical care or services.” § 766.106(1), Fla. Stat. (2003); see also Puentes v. Tenet Hialeah Healthsystem, 843 So.2d 356 (Fla. 3d DCA 2003).
In the instant case, Fotea presented himself to the hospital for medical services, i.e., a CT scan. As part of that service, the hospital took lab work from Fotea. The lab results prompted the alleged improper, involuntary commitment of Fotea. Thus, Fotea’s claims clearly arise out of the rendering of medical services.
Accordingly, Mount Sinai’s Petition for Certiorari is granted, and the matter is remanded with directions to grant Mount Sinai’s Motion to Dismiss Fotea’s Second Amended Complaint for failure to comply with the presuit requirements of Chapter 766.
Petition for Certiorari granted.

. § 394.451, Fla. Stat. (2003).