944 So.2d 541 (2006)
LAKELAND REGIONAL MEDICAL CENTER, INC., a Florida corporation, Petitioner,
v.
Lona Q. ALLEN, as Personal Representative of the Estate of Henry F. Allen, deceased, Respondent.
No. 2D06-3555.
District Court of Appeal of Florida, Second District.
December 27, 2006.
*542 Ronald J. Lamb and Lisa L. Cullaro of Morgan, Lamb, Goldman & Valles, P.A., Tampa, for Petitioner.
Stephen A. Barnes of Abrahamson, Uiterwyk & Barnes, Tampa, for Respondent.
VILLANTI, Judge.
Lakeland Regional Medical Center, Inc. (LRMC), petitions this court for a writ of certiorari to review the nonfinal order denying its motion to dismiss. The motion claimed that Lona Q. Allen, as Personal Representative of the Estate of Henry F. Allen, deceased (Allen), failed to comply with the presuit notice requirement of chapter 766, Florida Statutes (2004). We deny the petition because the trial court correctly ruled that Allen's complaint only sounded in simple negligence and, hence, the presuit notice requirement of chapter 766 does not apply.
Background and Procedural History
In a one-count amended complaint, Allen asserted a wrongful death action on behalf of the Estate of Henry Allen, which is framed as an action for "general negligence." Allen alleged that while her husband was hospitalized as a patient at LRMC in June 2005, LRMC served him a patient's meal, a turkey sandwich that was unfit for human consumption. Allen asserted that after consuming the sandwich, her husband developed a salmonella infection and subsequently died as a result of eating the sandwich. It is undisputed that the allegedly unfit sandwich was served to the husband in connection with his care and treatment as a patient at LRMC.
Approximately two months after her husband's death, Allen filed this suit against LRMC without complying, or even attempting to comply, with the procedures outlined in chapter 766, Florida's Medical Malpractice Act. The complaint was amended in May 2006, and LRMC timely filed and served its motion to dismiss the amended complaint, alleging Allen's noncompliance with the Act, in June 2006. The trial court heard the motion to dismiss on July 6, 2006, and the next day, entered an order denying the motion to dismiss and requiring LRMC to serve a responsive pleading to the amended complaint within twenty days. LRMC then filed for certiorari review in this court.
*543 Jurisdiction
A writ of certiorari is generally unavailable to review the denial of a motion to dismiss. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). "[I]t is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari." State v. Pettis, 520 So.2d 250, 252 (Fla.1988). One of those rare instances in which certiorari jurisdiction may lie is when chapter 766 presuit requirements are at issue. See Fassy v. Crowley, 884 So.2d 359, 364 (Fla. 2d DCA 2004); St. Mary's Hosp. v. Bell, 785 So.2d 1261, 1262 (Fla. 4th DCA 2001); Okaloosa County v. Custer, 697 So.2d 1297, 1297 (Fla. 1st DCA 1997).
Before a district court can grant relief from an erroneous interlocutory order, a petitioner must establish three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal." Fassy, 884 So.2d at 363 (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995)). The last two elements are jurisdictional and must be analyzed before the court may even consider the first element. Id. Because, as already stated, jurisdiction is appropriate when determining whether chapter 766 presuit requirements are in issue and/or have been met, this court may now consider the first element of the analysis, to-wit, whether the trial court departed from the essential requirements of the law when it denied LRMC's motion to dismiss.
Analysis
Despite Allen's amended complaint being framed as a one-count action for general negligence only, LRMC argues that the amended complaint "clearly demonstrate[d] . . . an action for medical malpractice because it is wholly predicated upon LRMC's provision of food to a patient who was hospitalized and undergoing medical care." While we recognize that nomenclature alone does not determine the nature of a cause of action, the problem with this argument is that it overlooks the cause and effect inherent in a medical malpractice case.
If the cause of an injury is effected by negligent medical care then, by definition, the complaint sounds in malpractice. § 766.106(1)(a). Chapter 766 presuit notice is required because the breach of a certain medical standard of care allegedly occurred. § 766.106(2). Conversely, if the cause of the injury is effected by a factor other than a failure of proper medical care, no presuit notice is required. See Tenet St. Mary's Inc. v. Serratore, 869 So.2d 729, 731 (Fla. 4th DCA 2004) (holding that chapter 766 is inapplicable to a suit brought by a patient for injuries sustained when a medical center employee allegedly kicked the patient's foot while attempting to kick the footrest of a chair); Lake Shore Hosp., Inc. v. Clarke, 768 So.2d 1251, 1251 (Fla. 1st DCA 2000) (holding that chapter 766 is inapplicable to a suit brought by a patient for injuries she suffered after she slipped while walking from her hospital bed to the bathroom). Food poisoning constitutes such a factor.
Tainted turkey, unless accidentally given in conjunction with a prescribed dietary regimen, does not involve medical care. See Puentes v. Tenet Hialeah Healthsystem, 843 So.2d 356, 358 (Fla. 3d DCA 2003) (holding that chapter 766 requirements were implicated when a hospital patient with specific hypoallergenic dietary needs was accidentally given non-hypoallergenic food). Because LRMC made no showing that Allen was prescribed a restricted diet or a diet that *544 involved a treatment modality, the tainted turkey consumption did not involve medical care. "Not every wrongful act by a medical provider is medical malpractice." Quintanilla v. Coral Gables Hosp., Inc., 941 So.2d 468, 469 (Fla. 3d DCA 2006) (holding that burn injuries caused by scalding hot tea spilled by nurse onto patient constituted negligence claim, not a claim based on medical malpractice). Similarly, just because "conduct occurs in a medical setting does not necessarily mean it involves medical malpractice." Robinson v. W. Fla. Reg'l Med. Ctr., Inc., 675 So.2d 226, 228 (Fla. 1st DCA 1996).
Our analysis is entirely consistent with the medical malpractice definition provided in section 766.106(1)(a)  "a claim, arising out of the rendering of, or the failure to render, medical care or services." Thus, the key inquiry is whether the alleged injury occurred during the rendition of medical care or services. Generally, this determination hinges upon whether the treatment modality involved the application of medical skill or knowledge. Silva v. Sw. Fla. Blood Bank, Inc., 601 So.2d 1184 (Fla.1992). Here, even though Allen consumed the turkey sandwich while a patient at LRMC, this occurrence was only incidental to the medical services provided and involved no medical skill or knowledge. For example, there is no dispute that Allen's claim does not involve a misdiagnosis on admission or afterwards or any improper treatment. Rather, this is a simple negligence case involving Allen's contracting of food poisoning after his hospital admission for an unrelated condition. Therefore, any liability of LRMC for Allen's demise is not determined under the medical negligence standard of care established in section 766.102(1). To conclude, Allen did not allege that LRMC's liability arose from any source other than the food prepared by its nonmedical staff. Indeed, the amended complaint alleged negligence in the improper maintenance, storage, and/or purchase of the ingredients used in preparing the food that was served to Henry Allen.
Because the trial court did not depart from the essential requirements of the law in denying LRMC's motion to dismiss, we deny the petition for writ of certiorari.
Petition denied.
SALCINES and DAVIS, JJ., Concur.