# Third District Court of Appeal

## State of Florida

Opinion filed January 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2298
Lower Tribunal No. 21-14482
_____

**University of Miami d/b/a Bascom Palmer Eye Institute,**
Petitioner,

vs.

**Charles J. Bloomer,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Fowler White Burnett, P.A., and Christopher E. Knight and William A. Potucek and Marc J. Schleier, for petitioner.

The Williams Law Group, and Stewart D. Williams, for respondent.


Before LINDSEY, GORDO and BOKOR, JJ.

BOKOR, J.

In this original proceeding, University of Miami d/b/a Bascom Palmer Eye Institute ("Bascom Palmer") seeks a writ of certiorari to quash the trial court's denial of a motion to dismiss a complaint for failure to comply with certain mandatory pre-suit filing requirements for a medical malpractice action under Chapter 766, Florida Statutes.[1] Because the Respondent, Charles J. Bloomer, alleged sufficient facts to plead his action as one sounding in ordinary negligence, we deny the petition.

The complaint asserted that Bloomer sustained injuries when a surgical table collapsed underneath him while he was undergoing sedation in preparation for eye surgery at a facility operated by Bascom Palmer. Bloomer alleged that Bascom Palmer breached a duty of care by failing to properly use, maintain, or warn about the table before the procedure. Bascom Palmer moved to dismiss on the basis that the complaint was deficient under Chapter 766, arguing that the complaint asserted a medical malpractice claim because it related to medical equipment used during a surgical procedure. The trial court denied the motion, finding that Bloomer properly characterized the claim as ordinary negligence.

---

[1] We have jurisdiction. See Williams v. Oken, 62 So. 3d 1129, 1137 (Fla. 2011).

In seeking certiorari review, a petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, which (3) cannot be corrected on post-judgment appeal. Id. at 1134. A departure from the essential requirements of law constitutes "a violation of a clearly established principle of law resulting in a miscarriage of justice." Haines City Cmty Dev. v. Higgs, 658 So. 2d 523, 528 (Fla. 1995). We find no such departure here.

The pre-suit requirements of Chapter 766 apply to "a claim, arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat. (2021). However, "[m]erely because a wrongful act occurs in a medical setting does not necessarily mean that it involves medical malpractice." Lynn v. Mount Sinai Med. Ctr., Inc., 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997). Rather, "[t]he wrongful act must be directly related to the improper application of medical services, and the use of professional judgment or skill." Id. (collecting and shipping urine samples to independent laboratory for analysis did not require "medical skill or judgment"); see also Nat'l Deaf Acad., LLC v. Townes, 242 So. 3d 303, 309 (Fla. 2018) ("[T]he inquiry for determining whether a claim sounds in medical malpractice is twofold: (1) whether the action arose out of medical . . . diagnosis, treatment,

or care, and (2) whether such diagnosis, treatment, or care was rendered by a provider of health care." (citations and quotations omitted)).

The complaint claims that the allegations constitute ordinary negligence. However, in applying the pre-suit requirements of the medical malpractice statute, a court must look beyond label proffered and "must[] apply the law to the well-pleaded factual allegations and decide the legal issue of whether the complaint sounds in simple or medical negligence." Dr. Navarro's Vein Ctr. of Palm Beach, Inc. v. Miller, 22 So. 3d 776, 778 (Fla. 4th DCA 2009). Bloomer alleged no act during, or directly resulting from, the sedation procedure as a cause of the collapse. Similarly, Bloomer alleges no action or inaction resulting from medical judgment or skill. Instead, Bloomer alleges that the table collapsed under him during sedation for his eye procedure.

That the table was being used for a medical procedure at the time of the injury does not, without more, establish a prima facie medical malpractice claim. See Quintanilla v. Coral Gables Hosp., 941 So. 2d 468, 470 (Fla. 3d DCA 2006) (reversing summary judgment in favor of hospital for failure to comply with the requirements of the medical malpractice act and explaining that "[t]his is simply a claim that arises out of the act of serving a cup of hot tea . . . [e]ven though, arguably, the nurse may have used her medical

4

judgment to agree with Quintanilla's request for hot tea to help his condition, the process of serving the hot tea did not require medical skill or judgment."); Townes, 242 So. 3d at 309 (holding that injury resulting from nursing home caretaker's use of a restraining hold on an unruly patient did not require medical judgment or skill and thus did not bring complaint into realm of medical malpractice); S. Miami. Hosp., Inc. v. Perez, 38 So. 3d 809, 811 (Fla. 3d DCA 2010) (explaining that medical provider's decision to leave critical care patient unrestrained and unsupervised in hospital bed, causing patient to fall out and injure himself, did not amount to exercise of medical care or skill for purposes of medical malpractice requirements); Torres v. Kendall Healthcare Grp., Ltd., 326 So. 3d 224, 225 (Fla. 3d DCA 2021) (holding that claim asserting injury by falling out of wheelchair after undergoing diagnostic imaging sounded in ordinary negligence).

Petition denied.