69 So.2d 313 (1954)
MALLORY
v.
O'NEIL.
Supreme Court of Florida. Division A.
January 5, 1954.
*314 Russell C. Gay, Sibley Efronson and Cushman, Gay & Woodard, Miami, for appellants.
Blackwell, Walker & Gray, Miami, for appellee.
TERRELL, Justice.
This appeal is from a final judgment dismissing appellant's second amended complaint, so the only question with which we are confronted is whether or not the complaint is sufficient to state a cause of action
It sets up what the pleader elects to call three causes of action. (1) Ratification of the act of a servant by his principal. (2) Negligence of defendant in knowingly keeping a dangerous servant on his premises. (3) Negligence of defendant in not properly supervising the conduct of his servant.
In substance the complaint alleges that the defendant was on September 11, 1951, the owner of a large apartment house (30 or more units) at 533 N.W. 2nd Avenue, Miami, Florida, that he employed one Henry Hazelhurst as his agent and caretaker, who occupied one of the apartments. The duty of Hazelhurst was to make minor repairs, water the grass, hear complaints and keep the apartment house in rentable condition. It is further alleged that on September 11, 1951, Hazelhurst went to his apartment, secured a gun, returned and shot the plaintiff and crippled her for life, that defendant knew or should have known that Hazelhurst had vicious propensities and was a dangerous character, that he ratified the conduct of Hazelhurst by keeping him in the premises, secured a lawyer to represent him and helped him secure bond; that during his trial it was revealed that he (Hazelhurst) had been previously charged and tried for assault with attempt to commit murder in Georgia, despite all of which defendant had kept him on his premises.
Under this state of facts we are convinced that there is no merit to the first cause of action charging that the defendant ratified the acts of his servant in shooting appellant. It is true that a master may be held liable for injury to a third party caused by negligent or wilful conduct of his agent or servant while acting in the scope of his authority and we have also held that this rule may be applied to a criminal act where it has been alleged and proven that the act complained of was incident to or was done in the scope of the servant's or agent's employment. Stinson v. Prevatt, 84 Fla. 416, 94 So. 656; Reece v. Ebersbach, 152 Fla. 763, 9 So.2d 805. See also Weiss v. Jacobson, Fla., 62 So.2d 904. The appellant has not alleged sufficient facts to show that the shooting was incident to or was done in the scope of Hazelhurst's employment. The rule is general that a criminal act committed outside the scope of the servant's authority cannot *315 be ratified and the allegations here are not sufficient to show ratification, if in fact any exceptions to the rule exist. Even if defendant secured a lawyer to represent his servant and retained the servant in his employment after serving his jail sentence, that could not be said to ratify the servant's criminal act.
We are of the view that the second count or cause of action is sufficient to state a cause of action. It is grounded on negligence of the defendant in knowingly keeping a dangerous servant on the premises which defendant knew or should have known was dangerous and incompetent and liable to do harm to the tenants. Into this doctrine the appellant has attempted to infuse (and confuse) the doctrine of respondeat superior. We do not think however, that the allegations of the complaint state a cause of action based on the doctrine of respondeat superior. As to this doctrine the negligence of the employer is immaterial since this Court is committed to the rule that if the employee is not liable the employer is not liable. Williams v. Hines, 80 Fla. 690, 86 So. 695; International Shoe Co. v. Hewitt, 123 Fla. 587, 167 So. 7. The allegations of the complaint are entirely inadequate to charge the defendant with liability under the doctrine of respondeat superior.
Other jurisdictions have considered the negligence of the master in knowingly keeping a dangerous servant on the premises and have held the master liable for the acts of his servant outside the scope of his authority if trespassing on the rights of those legally on the master's premises whether the servant acted wilfully, maliciously or negligently. Cressy v. Republic Creosoting Co., 108 Minn. 349, 122 N.W. 484; Allertz v. Hankins, 102 Neb. 202, 166 N.W. 608, L.R.A. 1918F, 534; Hall v. Smathers, 240 N.Y. 486, 148 N.E. 654; Livingston v. Gennert, Sup., 165 N.Y.S. 989, 15 A.L.R.2d 857.
The doctrine of these cases was approved in Restatement of Torts, § 317. It seems to be a sound rule and should be applied in this case. Its application would require reversal as to second cause of action with directions to reframe the pleadings as indicated in this opinion and proceed accordingly.
The judgment appealed from is accordingly reversed as to the second cause of action.
Reversed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.