638 So.2d 176 (1994)
Vickie BROADWAY and Husband Michael E. Broadway, Appellants,
v.
BAY HOSPITAL, INC., d/b/a HCA Gulf Coast Hospital, Appellee.
No. 92-2337.
District Court of Appeal of Florida, First District.
June 14, 1994.
Edmund D. Quintana of Burke & Blue, P.A., Panama City, for appellants.
Ann J. Tipton of Baker, Duke & Tipton, P.A., Pensacola, for appellee.
*177 PER CURIAM.
This cause is before us on appeal from a final order dismissing appellants' second amended complaint with prejudice. Appellants contend (1) that the trial court erred in finding that they were required to comply with the presuit screening requirements of chapter 766, Florida Statutes, for medical malpractice claims; (2) that their compliance with the presuit screening requirements was sufficient such that the trial court erred in dismissing their complaint; and (3) that section 766.203(2), Florida Statutes, which imposes as a condition precedent to the filing of a medical malpractice claim that the plaintiff provide notice of the claim and a corroborating expert opinion, is unconstitutional. We reverse as to the first issue and, consequently, do not reach the second and third issues.
The second amended complaint alleged that plaintiff/appellant Vickie Broadway was a patient at appellee's hospital in July 1989 and was injured when her hospital bed collapsed. Appellants sought damages based on appellee's breach of its duty to use reasonable care in maintaining its premises and breach of its duty to warn Ms. Broadway of latent hazards. Appellee sought dismissal of the complaint on the ground that the complaint stated a claim for medical negligence and that appellants had failed to comply with the presuit screening requirements of chapter 766, Florida Statutes. The trial court entered an order dismissing the complaint with prejudice under section 766.206(2), Florida Statutes, which requires that a medical malpractice complaint be dismissed if the court finds that the plaintiff is not in compliance with the presuit investigation requirements of chapter 766.
Under section 766.106(1)(a), Florida Statutes, "claim for medical malpractice" is defined as "a claim arising out of the rendering of, or the failure to render, medical care or services." A person seeking recovery for injury resulting from medical malpractice must prove that the injury resulted from a breach of the prevailing professional standard of care as set forth in section 766.102(1), Florida Statutes. The test for determining whether a defendant is entitled to the benefit of the presuit screening requirements of section 766.106, Florida Statutes, is whether the defendant is directly or vicariously liable under the medical negligence standard of care set forth in section 766.102(1), Florida Statutes. Weinstock v. Groth, 629 So.2d 835 (Fla. 1993), citing NME Properties, Inc. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991). Not every wrongful act by a health care provider amounts to medical malpractice. Stackhouse v. Emerson, 611 So.2d 1365 (Fla. 5th DCA 1993).
From the face of the complaint, it is apparent that appellants have sued appellee for the failure to warn of a dangerous condition or properly maintain a piece of equipment, rather than for breach of some professional standard of care. We hold that the trial court erred in dismissing the complaint. We reject appellee's contention that Neilinger v. Baptist Hospital of Miami, Inc., 460 So.2d 564 (Fla. 3d DCA 1984), requires affirmance of the order below. In Neilinger, the complaint alleged that the plaintiff, a maternity patient, slipped and fell on a pool of amniotic fluid while descending from an examination table under the direction and care of employees of the hospital. The complaint on its face alleged breach of a professional standard of care.
The order appealed from is therefore reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, JOANOS and MINER, JJ., concur.