998 So.2d 1192 (2009)
ST. JOSEPH'S HOSPITAL, INC., a Florida corporation, Petitioner,
v.
Herbert CINTRON and Molly Cintron, individually and as parents and next friends of their minor child, Saleena Cintron, Respondents.
Nos. 2D08-1965, 2D08-2261.
District Court of Appeal of Florida, Second District.
January 7, 2009.
*1193 Kimberly A. Ashby of Akerman Senterfitt, Orlando, for Petitioner.
Dennis G. Diecidue of The Diecidue Law Firm, P.A., Tampa; and Charles P. Schropp of Schropp Law Firm, P.A., Tampa, for Respondents.
KHOUZAM, Judge.
St. Joseph's Hospital, Inc., the defendant below, petitions for writs of certiorari concerning an order denying St. Joseph's motion to determine reasonable basis for a lawsuit and an order declaring moot St. Joseph's motion to dismiss the lawsuit. We deny the petitions.
Herbert and Molly Cintron filed suit against St. Joseph's under section 395.1041, Florida Statutes (2004), which is sometimes referred to as Florida's "patient dumping" or "anti-dumping" statute. Their action was filed in October 2008, more than two years after the events the Cintrons claim were the basis for the suit.
In response to the complaint, St. Joseph's filed a motion to dismiss and a motion to determine reasonable basis. In its motion to determine reasonable basis, St. Joseph's asked the trial court to determine whether the Cintrons had complied with the presuit requirements of chapter 766, Florida Statutes (2004). In its motion to dismiss, St. Joseph's sought dismissal of the complaint on the ground that the statute of limitations for filing a medical malpractice claim in this case had expired. As a threshold matter, the trial court had to determine whether the claims filed against St. Joseph's by the Cintrons were medical malpractice claims for which the Cintrons were required to follow the presuit provisions of chapter 766 as a condition precedent to filing their claims or were claims under section 395.1041, the "anti-dumping" statute.
A hearing was held on these motions. The trial court determined that the Cintrons' claims did not allege medical malpractice under chapter 766 and denied St. Joseph's motion to determine reasonable basis. St. Joseph's filed a petition for writ of certiorari in case number 2D08-1965 in regard to this order. The trial court subsequently declared moot St. Joseph's motion to dismiss. St. Joseph's filed a petition for writ of certiorari in case number 2D08-2261 in regard to this order. We consolidated the two petitions.
In this certiorari proceeding St. Joseph's argues that the Cintrons' complaint alleges a cause of action for medical malpractice rather than a cause of action pursuant to *1194 section 395.1041. We have jurisdiction to review St. Joseph's petitions. See Lakeland Reg'l Med. Ctr., Inc. v. Allen, 944 So.2d 541, 543 (Fla. 2d DCA 2006).
Based on our review of the four corners of the complaint and the limited appendices provided, we cannot say that the trial court's ruling, i.e., that the Cintrons alleged a cause of action under section 395.1041 rather than a medical malpractice claim, departed from the essential requirements of law.[1] Accordingly, we deny the petitions.
Petitions for writs of certiorari denied.
NORTHCUTT and WALLACE, JJ., Concur.
NOTES
[1] Our opinion should not be read as foreclosing St. Joseph's from raising appropriate objections should the case develop into a medical malpractice claim.