COPE, J.
 

 This is a petition for writ of certiorari in which Miami-Dade County and a police officer seek to quash an order compelling disclosure of a pre-employment psychological evaluation. We conclude that, under the circumstances of this case, the records fall outside the scope of permissible discovery and grant the petition.
 

 The underlying lawsuit in the trial court is an action for wrongful death filed against Miami-Dade County police officer David Delaurentos and his employer, Miami-Dade County. The decedent was Jose Gabriel Ventura, a seventeen-year-old, who was shot and killed in an encounter with the officer. The officer had made a traffic stop of the decedent’s vehicle. After the officer got out of his police car and approached the decedent’s car, the decedent drove away and made a u-turn. According to the officer, the decedent drove his vehicle directly towards the officer causing him to be in fear of his life and he shot the driver. According to the decedent’s estate, the use of deadly force was unnecessary.
 

 In the second amended complaint, the personal representative of the decedent (“the Estate”) sued the officer for battery (count one) and negligence (count two). The Estate sued the County for vicarious liability (count three). The Estate also alleged that the County was negligent in hiring, training, retaining, and supervising the officer (counts three-six).
 

 As part of the County’s process for hiring police officers, candidates are required to undergo a psychological evaluation by a licensed psychologist. The officer involved in this case was tested and interviewed by Dr. Mark Axelberd in 2005. Dr. Axelberd is under contract with the County and is
 
 *881
 
 not a County employee. After the evaluation was completed, Dr. Axelberd provided a report to the County. Dr. Axelberd uses a rating system which rates the applicant as acceptable, marginal, or unacceptable.
 

 In connection with its claim that the County was negligent in hiring Officer De-laurentos, the Estate issued a subpoena for the psychological report that Dr. Axel-berd provided to the County. The Estate also subpoenaed Dr. Axelberd’s own records of his interview with this officer, the latter category being records that Dr. Ax-elberd did not provide the County.
 

 The County and the officer both objected to production of the psychological evaluation records. The trial court overruled the objections and ordered that the records be produced. The County and the officer filed this petition for writ of certio-rari seeking to quash the trial court’s order.
 
 [1]
 

 The County and the officer first argue that the psychological evaluation is protected by Florida’s psychotherapist-patient privilege, which is found in section 90.503, Florida Statutes (2009). According to that provision, there is a privilege which attaches to “confidential communications or records made for the purpose of diagnosis or treatment of the patient’s mental or emotional condition....”
 
 Id.
 
 § 90.503(2) (emphasis added). The consultation with the psychologist in this case was not for diagnosis or treatment. It was for purposes of a pre-employment examination. We entirely agree with the trial court that no psychotherapist-patient privilege applies here...
 

 [2]
 

 Second, the County and the officer argue that the records should not be produced because they are exempt from disclosure under the Public Records Act. They rely on subparagraph 119.071 (4)(b) 1., Florida Statutes (2009). That statute provides an exemption from public disclosure for “[mjedical information pertaining to a prospective, current, or former officer or employee of an agency which, if disclosed, would identify that officer or employee.... ” This argument, too, is without merit. The cited statute simply provides an exemption in the event that a citizen makes a public records request for medical records. That statutory provision does not create a privilege which would insulate such records from discovery in litigation.
 

 The third point raised by the County and the officer has merit. The argument is that the subpoena seeks information which is outside the scope of permissible discovery.
 

 As previously stated, the Estate has sued the County on two distinct theories. One of those theories is that the County is vicariously liable for the officer’s actions under the doctrine of respondeat superior (count three). The Estate alleges, and the County admits, that the shooting in this case occurred during the course and scope of the officer’s employment. Because of that admission, the County is vicariously liable for the officer’s actions, including any judgment that may be obtained.
 

 
 *882
 
 The Estate’s second theory is, so far as pertinent here, that the County was negligent in hiring this officer (counts four and five). The Estate has issued its subpoena in connection with its claims that the County was itself negligent.
 

 Florida cases distinguish between (a) acts committed within the scope and course of employment, and (b) acts committed outside the scope of employment. In the first situation, where acts were committed within the course and scope of employment, the basis of employer liability is respondeat superior. “As to this doctrine [respondeat superior] the negligence of the employer is immaterial since this Court is committed to the rule that if the employee is not liable, the employer is not liable.”
 
 Mallory v. O’Neil,
 
 69 So.2d 313, 315 (Fla.1954);
 
 see Garcia v. Duffy,
 
 492 So.2d 435, 438 (Fla. 2d DCA 1986). Where, as here, a plaintiff alleges and a defendant admits that the alleged torts took place during the course and scope of employment, employer liability can only be pursued on the basis of respondeat superi- or and not on the basis that the employer was negligent.
 
 Mallory,
 
 69 So.2d at 315.
 

 In the second situation, where the employee’s acts were committed outside of the course and scope of employment, the analysis differs. In that situation, a plaintiff may sue the employer for negligence “in knowingly keeping a dangerous servant on the premises ... whether the servant acted willfully, maliciously or negligently.”
 
 Mallory,
 
 69 So.2d at 315;
 
 Watson v. City of Hialeah,
 
 552 So.2d 1146, 1148 (Fla. 3d DCA 1989);
 
 Garcia,
 
 492 So.2d at 438 (citing Restatement (Second) of Torts § 317);
 
 Williams v. Feather Sound, Inc.,
 
 386 So.2d 1238, 1239-40 (Fla. 2d DCA 1980).
 

 On authority of the
 
 Mallory
 
 decision, we conclude that the request for production of these documents is outside the scope of permissible discovery. Because the County has conceded that the officer’s acts took place during the course and scope of his employment, the only allowable theory of liability against the County is respondeat superior. That being so, as stated in
 
 Mallory,
 
 “the negligence of the employer is immaterial....” 69 So.2d at 315. It follows that the requested discovery is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Fla. R. Civ. P. 1.280(b)(1). For the stated reasons, we quash the order now before us.
 

 Petition granted.
 

 [1]
 

 . The parties agreed, and the trial court ordered, that the records should remain sealed pending disposition of this petition. This court issued an order determining that the records would remain confidential pending disposition of this proceeding.
 
 See
 
 Fla. R. Jud. Admin. 2.420(g).
 

 [2]
 

 . The psychologist provided a consent form stating, in substance, that there is no psychologist-client privilege for the evaluation, that the evaluation is not for purposes of providing treatment or health care, and that the use and results of the evaluation are intended only for the hiring agency. The form goes on to authorize the psychologist to provide the evaluation to the hiring agency.