ALTENBERND, Judge.
Lakeland Regional Medical Center, Inc. (the Hospital), petitions this court for cer-tiorari review of a trial court order denying its motion to dismiss, which had the practical effect of permitting the plaintiffs, Horace and Clara Pilgrim, to proceed with their negligence lawsuit against the Hospital without first complying with the statutory presuit requirements applicable to medical negligence actions as set forth in chapter 766, Florida Statutes (2010). Although we grant this petition, on remand we require the trial court to further develop the record before it determines whether this case falls within the ambit of chapter 766 presuit requirements.
I. THE PROCEEDINGS IN THE TRIAL COURT
As is typical in this variety of certiorari proceeding, our record is limited. It includes an appendix that contains the Pilgrims’ complaint, the Hospital’s motion to dismiss, a transcript of the short hearing on the motion, and an order that denies the motion without any factual or legal discussion. The record contains no affidavits or evidence.
According to the allegations of the complaint,[1] Mrs. Pilgrim underwent an endoscopic procedure at the Hospital in September 2010. During the procedure, a device described as a “cytology brush” was used by someone. A piece of the brush broke and became lodged in Mrs. Pilgrim’s pancreatic duct. This event led to extensive additional medical treatment, as well as bodily injury with resulting pain and suffering, for Mrs. Pilgrim. Her husband has a claim for loss of consortium.
The Pilgrims filed their lawsuit in November 2011, naming both the Hospital and Wilson-Cook Medical, Inc., the company that allegedly designed and manufactured the cytology brush. The complaint against Wilson-Cook includes claims of negligent design and manufacture, negligent failure to warn, strict liability, and breach of implied warranty. These claims are apparently pending in the trial court and are not directly affected by this certio-rari proceeding.
The Pilgrims’ complaint against the Hospital alleges facts that suggest that Mrs. Pilgrim’s claim may be one of medical *507 negligence as defined in chapter 766,[2] but the alleged theory is simple negligence. In very general terms, the complaint states that the Hospital had a duty to “procure, inspect, and maintain” the brush. Mrs. Pilgrim claims that a breach of this duty resulted in her injuries. The complaint does not identify who at the Hospital would have performed these functions. We have no information about the training or qualifications of the individuals involved in procuring, inspecting, or maintaining the brush. We have no information about the person who actually used the brush during the procedure. The complaint does not allege that a doctor was involved in the procedure and no physician is named as a defendant. It is not clear whether the negligent maintenance and inspection would have occurred prior to or during the procedure.
The Hospital responded to the Pilgrims’ complaint with a motion to dismiss, arguing that the Pilgrims were required to comply with the presuit requirements of chapter 766 prior to the commencement of an action against the Hospital. In the motion, the Hospital argues that Mrs. Pilgrim may have simply disguised a medical negligence claim as a simple negligence claim in the complaint.
At the hearing on this motion, the Hospital discussed two cases in support of its motion, one of which is Corbo v. Garcia, 949 So.2d 366 (Fla. 2d DCA 2007). In Corbo, a patient sustained burns on her arms when she was connected to a physical therapy machine that provided electrical stimulation. She brought a negligence action against the physical therapist and his practice, alleging that they failed to exercise reasonable and ordinary care in maintaining their physical therapy equipment. Id. at 368. Similar to the motion filed here, in Corbo the health care providers filed a motion to dismiss on the ground of noncompliance with the statutory medical malpractice presuit screening requirements. The trial court denied the motion. Id. This court granted certiorari, explaining, in part:
Here, even though [respondent] asserts that the negligence occurred prior to her treatment, the gravamen of her claim is based on the petitioners’ use of the equipment during [respondent’s] physical therapy treatment. The basis for [respondent’s] claim is that the petitioners negligently administered a treatment modality: Therefore, her injury occurred during medical treatment, and in order to prove her claim, she must prove that the petitioners did not properly maintain their electrical stimulation equipment, which falls within the standard of care involved in treating a patient with that equipment.
Corbo, 949 So.2d at 370.
The Pilgrims countered the Hospital’s argument, relying primarily on Broadway v. Bay Hospital, Inc., 638 So.2d 176 (Fla. 1st DCA 1994). In Broadway, Mrs. Broadway was injured when her hospital bed collapsed while she was a patient at the hospital. She and her husband filed a lawsuit against the hospital. Id. at 177. The lawsuit sought damages against the hospital based on a breach of its duty to use reasonable care in maintaining its premises and a breach of its duty to warn Mrs. Broadway of latent hazards. Id. The *508 hospital filed a motion to dismiss on the ground that the complaint stated a claim for medical negligence and the Broadways had failed to comply with the presuit screening requirements of chapter 766. Id. The trial court granted the motion and entered a final order dismissing the case. The Broadways appealed. Id. The First District reversed, explaining:
The test for determining whether a defendant is entitled to the benefit of the presuit screening requirements of section 766.106, Florida Statutes, is whether the defendant is directly or vicariously liable under the medical negligence standard of care set forth in section 766.102(1), Florida Statutes. Not every wrongful act by a health care provider amounts to medical malpractice.
From the face of the complaint, it is apparent that appellants have sued ap-pellee for the failure to warn of a dangerous condition or properly maintain a piece of equipment, rather than for breach of some professional standard of care.
Broadway, 638 So.2d at 177 (internal citations omitted).
In the Pilgrims’ case, the trial court denied the Hospital’s motion to dismiss, but expressed its opinion that the issue was very close. In its oral pronouncement, the trial court, in part, determined that the Pilgrims’ negligence allegations fell within the purview of the Broadway case.
II. THE APPLICATION OF CHAPTER 766 PRESUIT REQUIREMENTS MAY REQUIRE A FACTUAL DETERMINATION BEYOND THE ALLEGATIONS OF THE COMPLAINT
The issue of whether a case is subject to the presuit requirements of chapter 766 has long been one that is addressed by a motion to dismiss in the trial court, the denial of which is reviewed by certiorari in the district courts. See NME Hosps. Inc. v. Azzariti 573 So.2d 173 (Fla. 2d DCA 1991). In fairness to the trial courts of this state, the district courts’ attempt to draw a clear, predictable line between cases subject to statutory presuit requirements and cases that are exempt has not been entirely successful.
This case seems to exemplify a primary source of the problem; contrary to the language in Broadway, this issue cannot necessarily be resolved from “the face of the complaint.” 638 So.2d at 177. Even though the issue needs to be resolved at the beginning of the lawsuit,[3] it may involve factual questions comparable to those that must be decided at the beginning of a case to resolve a jurisdictional issue. See, e.g., Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
In this case, the Hospital is correct in claiming that the complaint in this case is designed to minimize the factual allegations that might reveal whether the claim is a medical negligence claim or a simple negligence claim. The judges on this panel have never seen a cytology brush and *509 have no idea who might inspect or maintain one. It is apparent from the transcript of the hearing that the trial court had a similar lack of experience. Although we might guess that such a technical device is inspected and maintained by employees with medical expertise and that this case is comparable to Corbo, the truth is that we really do not know. The trial court decided that the brush used here was analogous to the hospital bed in Broadway, but it too was guessing. Indeed, at the hearing on the motion to-dismiss, even the Pilgrims’ attorney claimed that he did not know “if there is a professional duty of care as it relates to a maintenance of a cystology [sic] brush.”
Thus, it is clear in this case that the application of the presuit requirements set forth in chapter 766 is not a pure question of law. If the essential requirements of chapter 766 and the parties’ due process rights are to be honored, neither the trial court nor this court should guess at an outcome. Instead, this issue should be determined by the trial court applying the law to the facts necessary to make the decision. When those facts are fully and accurately described in the initial complaint, a trial court may be able to rely upon the allegations to determine the application of the presuit requirements of chapter 766. But when the complaint is vague, the parties are entitled to a process that presents evidence by affidavit or evi-dentiary hearing.
We conclude that the trial court should have granted the motion to dismiss, but with leave to amend the complaint. The Pilgrims should have been given an opportunity to determine whether the claim involved a professional duty and then to amend the complaint either to allege compliance with chapter 766, see Hosp. Corp. of Am. v. Lindberg, 571 So.2d 446 (Fla.1990), or to reallege their theory in greater factual detail to demonstrate that the matter involved only ordinary negligence.
On remand, if the Pilgrims choose to reallege a simple negligence theory and the Hospital wishes to contest those allegations, it may again file a motion to dismiss, supported by affidavits. If the factual basis for the claim remains disputed, it may be necessary for the trial court to conduct a limited evidentiary hearing, comparable to the hearing used to resolve a Venetian Salami jurisdictional dispute, to determine whether this case falls within the ambit of chapter 766.
Petition granted.
CASANUEVA and KHOUZAM, JJ., Concur.

. We stress that the facts described in this paragraph are based on the allegations of the complaint.

. As used in section 766.106, Florida Statutes (2010), a " ‘[c]laim for medical negligence’ or 'claim for medical malpractice’ means a claim, arising out of the rendering of, or the failure to render, medical care or services.” § 766.106(l)(a). As used in sections 766.201 through 766.212, " '[m]edical negligence’ means medical malpractice, whether grounded in tort or in contract.” § 766.202(7).

. Once a lawsuit has been filed alleging a claim that may involve medical negligence, the defendant health care provider may risk waiving or being estopped from later raising the issue of the plaintiff's noncompliance with statutory presuit requirements by failing to raise the issue in its pleadings. See, e.g., Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991) (determining that dentist who generally denied the allegation that the plaintiffs had complied with all conditions precedent waived the ability to amend his answer to specifically plead a defense of noncompliance with the statutory presuit requirements inasmuch as an amendment after the statute of limitations had run would have unfairly prejudiced the plaintiffs).