ALTENBERND, Judge.
Herbert and Molly Cintron, individually and as parents of their daughter, Saleena, appeal a final summary judgment in their action against St. Joseph’s Hospital, Inc. In their complaint, the Cintrons claim that St. Joseph’s Hospital was liable for damages under section 395.1041, Florida Statutes (2004), because the hospital’s medical staff refused to treat their young daughter when she was suffering an acute asthma attack. St. Joseph’s Hospital obtained summary judgment by convincing the trial court that, in such an “anti-dumping” case, it should be free from liability and that its nurses and other employees should be personally liable for the statutory damages, attorney’s fees, and costs. We reverse because the Cintrons sued the hospital on a theory of respondeat superior. The hospital did not move for summary judgment *686 as to its potential vicarious liability, and thus the only theory presented by the Cintrons in this case never actually has been resolved in the trial court.
The Cintrons allegedly took their daughter to the emergency room at St. Joseph’s Hospital on two occasions during the evening of February 14, 2005, seeking treatment for her asthma attack. Each time the hospital’s staff refused to treat her. Only when she was taken by ambulance on a third occasion was she admitted to the hospital.
In October 2007 the Cintrons filed this action. The complaint was a very short complaint, naming only the hospital and alleging that it was liable under the statute for the failure of its staff to treat the child. St. Joseph’s Hospital initially took the position that this claim was a medical malpractice claim subject to all of the presuit requirements and the statute of limitations applicable to such a claim. Both the trial court and this court rejected that theory. St. Joseph’s Hosp., Inc. v. Cintron, 998 So.2d 1192 (Fla. 2d DCA 2009).
The hospital did not move to dismiss the short complaint for failure to state a cause of action. When it answered the complaint in April 2008, it did include among its sixteen affirmative defenses a defense that the complaint should be dismissed for failure to state a cause of action. This was a generic defense with no explanation as to why the hospital believed the complaint was defective. No party ever set this defense for a pretrial hearing.
More than three years later, the hospital moved for summary judgment “based on failure to state cause of action” under the statute. In its motion, the hospital accurately observed that section 395.1041(5)(b) states that “[a]ny person who suffers personal harm as a result of a violation of this section or the rules adopted hereunder may recover, in a civil action against the responsible hospital administrative or medical staff or personnel, damages, reasonable attorney’s fees, and other appropriate relief.” It argued that section 395.1041(5)(a) created an administrative sanction against the hospital for an amount not to exceed $10,000 per violation, and that this administrative sanction was the sole liability of the hospital. It maintained that all anti-dumping lawsuits had to be filed against its employees and not against the hospital. It argued that the word “hospital” had to be included in subsection (5)(b) in order for St. Joseph’s Hospital to be liable in this case. The trial court accepted this argument and granted the final summary judgment.
The problem with the motion for summary judgment is that it never addressed the only theory presented by the Cintrons’ complaint. The complaint did not identify the specific staff members who denied treatment to the child. Instead, the complaint sought a judgment against the hospital for the actions of its agents and employees. Although the short complaint is not a model pleading, it obviously seeks to hold the hospital liable for the statutory violations committed by the hospital’s employees in the course and scope of their employment.
Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment. See Thurston v. Morrison, 141 So.2d 291, 294 (Fla. 2d DCA 1962); see also, e.g., Wilson v. Lee Mem’l Hosp., 65 So.2d 40 (Fla.1953); City of Miami v. Oates, 152 Fla. 21, 10 So.2d 721 (1942); Nicholson v. Good Samaritan Hosp., 145 Fla. 360, 199 So. 344 (1940). No one is suggesting that the employees in this case were committing acts that would be outside the course and scope of their employ *687 ment. This statutory cause of action is similar to a cause of action for negligence. The statute does not expressly prohibit or permit liability of the hospital under re-spondeat superior. Whether the hospital can be vicariously liable for the actions of its employees in this context is a matter that was not resolved by the trial court. We decline to resolve the issue without allowing the parties and the trial court to develop the issue fully at the trial level. Thus, we reverse the order on appeal without prejudice to the hospital’s right to file a motion for summary judgment addressing the legal theory that was actually pleaded by the Cintrons.
Reversed and remanded.
WALLACE and CRENSHAW, JJ, Concur.