NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARMANDO PAYAS, as personal )
Representative of the Estate of Bernardo )
Galarza, deceased, and on behalf of the )
Estate of Ana Galarza, deceased, )
                                   )
             Appellant, )
                                   )
v. )             Case No. 2D16-3615
                                   )
ADVENTIST HEALTH SYSTEM/SUNBELT, )
INC. d/b/a FLORIDA HOSPITAL d/b/a )
CELEBRATION HEALTH; FLORIDA )
HOSPITAL MEDICAL GROUP, INC. d/b/a )
ADVANCED MINIMALLY INVASIVE & )
BARIATRIC SURGICAL CONSULTANTS; )
EDUARDO PARRA DAVILA, M.D.; )
FLORIDA HEALTH SCIENCES CENTER, )
INC. d/b/a TAMPA GENERAL HOSPITAL; )
MICHAEL ALBRINK, M.D.; MURRAY )
SHAMES, M.D.; STEVEN GOLDIN, M.D.; )
JOHN CHIPKO, M.D.; USF HEALTH, INC.; )
and INTUITIVE SURGICAL, INC., )
                                   )
             Appellees. )
_____ )

Opinion filed February 16, 2018.

Appeal from the Circuit Court for
Hillsborough County; E. Lamar Battles,
Judge.

Carlos E. Diez-Arguelles and Maria Tejedor
of Diez-Arguelles & Tejedor, P.A., Orlando;
and Heather M. Kolinsky and Susan W.

Fox of Fox & Loquasto, P.A., Orlando, for Appellant.

Larry D. Hall and Ryan P. Kopf of Adams Hall Schieffelin & Smith, P.A., Winter Park, for Appellee Adventist Health System/Sunbelt, Inc. d/b/a Florida Hospital.

No appearance for remaining Appellees.

MORRIS, Judge.

Armando Payas, as personal representative of the estates of Bernardo Galarza and his wife, Ana Galarza, appeals a final order dismissing with prejudice his fourth amended complaint against Adventist Health System/Sunbelt, Inc., d/b/a Florida Hospital d/b/a Celebration Health. The complaint alleged that Mr. Galarza died from complications following surgery performed by Dr. Parra-Davila at Celebration Health to repair Mr. Galarza's paraesophageal hernia and two subsequent surgeries performed by other surgeons at different hospitals. In this appeal, Payas argues that the trial court erred in dismissing the fourth complaint against Celebration Health with prejudice because it contains sufficient allegations for causes of action for vicarious liability, breach of a nondelegable duty, and negligence. We agree and reverse the decision of the trial court.

I. Facts

The following facts are alleged in Payas's fourth amended complaint. In July 2009, Dr. Parra-Davila performed a paraesophageal hernia repair surgery on Mr. Galarza using a surgical robot. Celebration Health provided the surgical suite, medical staff, and the medical equipment, including the surgical robot. During the surgery, part of the surgical robot detached and became embedded in Mr. Galarza's esophagus. As

a result, Mr. Galarza developed complications over the following months and years. A second surgery was performed by a different surgeon at Tampa General Hospital in July 2012 to determine the cause of his worsening symptoms, but the surgery was unsuccessful. In January 2013, a third, exploratory surgery was performed at Tampa General Hospital. During that surgery, Mr. Galarza's vena cava vein was ruptured, causing considerable blood loss, cardiac arrest, and ultimately his death. An autopsy revealed the presence of a thin, coiled band encircling the gastroesophageal junction. Payas alleged that this foreign object was part of the surgical robot that became detached during the first surgery in July 2009. Payas also alleged that a foreign object was observed during a CT scan of Mr. Galarza performed in April 2012 prior to his second surgery, although Mr. Galarza was never informed of this discovery.

Payas named numerous defendants in his lawsuit. Relevant to this appeal are the counts involving the first surgery in 2009 performed by Dr. Parra-Davila at Celebration Health. In count I, Payas alleged a count against Celebration Health for negligence for breach of a nondelegable duty during the first surgery. In count II, Payas alleged a direct negligence count against Celebration Health for negligent maintenance and operation of the surgical robot and training regarding use of the robot prior to the first surgery. In count III, Payas alleged negligence against Dr. Parra-Davila. In count IV, Payas alleged vicarious liability against Celebration Health for the negligence of Dr. Parra-Davila during the first surgery. In count V, Payas alleged vicarious liability against Celebration Health for the negligence of staff during the first surgery. Payas also alleged counts against other defendants relating to the first and third surgeries.

- 3 -

Celebration Health filed a motion to dismiss Payas's complaint with prejudice, arguing that the fourth amended complaint was Payas's fourth attempt to state claims against Celebration Health. Three prior complaints had been dismissed without prejudice, and Payas had been given leave to amend. Celebration Health claimed that the counts alleged in the fourth amended complaint failed to state proper causes of action, that Payas failed to comply with chapter 766, Florida Statutes (2015), and that the claims are barred by the statute of limitations. After a hearing, the trial court granted Celebration Health's motion and dismissed the counts against Celebration Health with prejudice because it contained "co-mingling of allegations" and the allegations were "still too vague."

II. Analysis

We review de novo the trial court's dismissal of Payas's complaint with prejudice. See Meadows Cmty. Ass'n v. Russell-Tutty, 928 So. 2d 1276, 1278 (Fla. 2d DCA 2006). For purposes of a dismissal with prejudice, all factual allegations in the complaint must be taken as true and all reasonable inferences should be drawn in the appellant's favor. Wallace v. Dean, 3 So. 3d 1035, 1042-43 (Fla. 2009) (quoting Ralph v. City of Daytona Beach, 471 So. 2d 1, 2 (Fla. 1983)); Toney v. C. Courtney, 191 So. 3d 505, 507 (Fla. 1st DCA 2016). "It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them." Meadows Cmty. Ass'n, 928 So. 2d at 1279 (quoting Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So. 2d 175, 178 (Fla. 5th DCA 2001)).

A complaint must allege "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b)(2). "[T]he phrase

'ultimate facts' is used to refer to logical conclusions that are deduced from evidentiary facts. Ultimate facts are the final effect of legal reasoning from the evidentiary facts." Philip J. Padovano Florida Civil Practice § 7.13 at 246, 246 (2018 ed.). "It is not necessary or even proper to allege the evidentiary facts in a pleading that asserts a claim . . . ." Id. at § 7.5 at 218.

A. Vicarious liability

Payas argues that the trial court erred in dismissing counts IV and V because he sufficiently pleaded vicarious liability against Celebration Health for the negligence of Dr. Parra-Davila and the surgical staff involved in Mr. Galarza's first surgery in July 2009. In count IV, Payas alleged that Dr. Parra-Davila was an employee, agent, or apparent agent of Celebration Health and that Celebration Health, through Dr. Parra-Davila, breached its duty to provide Mr. Galarza with the prevailing professional standard of medical care. Payas alleged the following breaches by Dr. Parra-Davila: he negligently placed and left a foreign object in the abdomen of Mr. Galarza; he failed to ensure that no foreign objects remained in Mr. Galarza's body; he failed to warn Mr. Galarza of the risks associated with the robotic surgery; he failed to obtain full and informed consent from Mr. Galarza; he failed to attend training and instruction on the use of the surgical robot; he failed to appropriately follow hospital policies, procedures, and/or bylaws that required staff to be trained in the use of the robot; and he failed to follow hospital policies, procedures, and/or bylaws that required staff to ensure that all medical devices used during surgery were accounted for.

In count V, Payas alleged that Celebration Health, through its nurses and medical staff involved in the first surgery, breached its duty to provide Mr. Galarza with

the prevailing professional standard of medical care. Payas alleged the following breaches by the staff: the staff failed to ensure that no foreign bodies remained in Mr. Galarza's body; the staff failed to attend training and instruction on the use of the surgical robot; the staff failed to appropriately follow hospital policies, procedures, and/or bylaws that required staff to be trained in the use of the robot; and the staff failed to follow hospital policies, procedures, and/or bylaws that required staff to ensure that all medical devices used during surgery were accounted for.

The theory of vicarious liability holds "employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment." Cintron v. St. Joseph's Hosp., Inc., 112 So. 3d 685, 686 (Fla. 2d DCA 2013); see also Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d 864, 874 (Fla. 2d DCA 2010) (noting that under the theory of vicarious liability, "an employer is burdened with the liability resulting from the negligence of its employees; i.e., the employee's liability is imputed to the employer"). Whether a hospital is liable for the negligent acts of a physician depends on whether the physician is an independent contractor and whether the physician is acting as an agent of the hospital. See Godwin v. Univ. of S. Fla. Bd. of Trs., 203 So. 3d 924, 929 (Fla. 2d DCA 2016), review denied, SC16-2107, 2017 WL 1034486 (Fla. Mar. 17, 2017). "[A] hospital that retains an independent contractor to provide medical services may still be liable for the negligence of the independent contractor if the hospital cloaked her with apparent authority to act on its behalf." Id. (citing Webb v. Priest, 413 So. 2d 43, 47 n.2 (Fla. 3d DCA 1982)). More to the point, "where it can be shown that a hospital, by its actions, has held out a particular physician as its agent and/or employee and that a patient has accepted treatment from

- 6 -

that physician in the reasonable belief that it is being rendered [on] behalf of the hospital, then the hospital will be liable for the physician's negligence." Kristensen-Kepler v. Cooney, 39 So. 3d 518, 520 (Fla. 4th DCA 2010) (quoting Stone v. Palms W. Hosp., 941 So. 2d 514, 520 (Fla. 4th DCA 2006)).

Here, Payas alleged that the surgical staff involved in the first surgery and Dr. Parra-Davila were acting as Celebration Health's employees or agents. Payas also alleged in the alternative the necessary elements to show that the surgical staff and Dr. Parra-Davila had the apparent authority to act on behalf of Celebration Health. See id. ("To establish apparent authority, the plaintiff would have to show that: (1) [the defendant] made a representation to the patient; (2) the patient relied on the representation; and (3) the patient changed his position as a result of that reliance."). Payas further alleged the duties owed by Dr. Parra-Davila and the surgical staff in regard to the first surgery, their specific failures that constituted breaches of their duties, and the injury caused by the breaches. Counts IV and V sufficiently charged the vicarious liability of Celebration Health, and thus the trial court erred in dismissing counts IV and V. See Meadows Cmty. Ass'n, 928 So. 2d at 1278 ("[W]here a complaint contains sufficient allegations to acquaint the defendant with the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the same, it is error to dismiss the action on the ground that more specific allegations are required." (alteration in original) (quoting Fontainebleau Hotel Corp. v. Walters, 246 So. 2d 563, 565 (Fla. 1971)).

B. Nondelegable duty

Payas next argues that the trial court erred in dismissing count I because he alleged in his complaint that Celebration Health assumed a nondelegable duty to properly maintain the surgical robot and to ensure that it was used with reasonable care. He claims that Celebration Health's ownership, marketing, and maintenance of the surgical robot created a nondelegable duty of reasonable care with respect to the surgical robot.

A hospital may be liable for the acts of an independent contractor when the hospital has a nondelegable duty. Newbold-Ferguson v. AMISUB (North Ridge Hosp.), Inc., 85 So. 3d 502, 505 (Fla. 4th DCA 2012); Pope v. Winter Park Healthcare Grp., Ltd., 939 So. 2d 185, 188 (Fla. 5th DCA 2006). Such a duty may arise out of a statute, a regulation, a contract, or the common law. Pope, 939 So. 2d at 188.

> Under the common law, nondelegable duties typically arise out of the performance of ultra-hazardous activity. "There are no specific criteria for determining whether or not a duty is nondelegable except for the rather ambiguous defining characteristic that the responsibility is so important to the community that the [original party] should not be allowed to transfer it to a third party."

Pope, 939 So. 2d at 188 (alteration in original) (quoting Dixon v. Whitfield, 654 So. 2d 1230, 1232 (Fla. 1st DCA 1995)).

> The liability for a nondelegable duty that we impose directly upon the employer of an independent contractor is grounded in a special public policy to protect third persons in an area of inherent danger and to encourage conscientious adherence to standards of safety where injury likely will result in the absence of precautions.

Armiger, 48 So. 3d at 875 (quoting Saiz v. Belen Sch. Dist., 827 P.2d 102, 114-15 (1992)).

> [A]n owner of a business that invites members of the public onto its business premises may . . . hire an independent contractor to perform tasks that the owner has a nondelegable duty to third parties to perform. But the owner may not contract away his or her legal responsibility for the proper performance of the nondelegable duty.

Id. (first citing U.S. Sec. Servs. Corp. v. Ramada Inn, Inc., 665 So. 2d 268, 270 (Fla. 3d DCA 1995); then citing Atl. Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So. 2d 676, 679 (Fla. 3d DCA 1980)).

In count I of the fourth amended complaint, Payas alleged that Celebration Health owned, maintained, and operated the surgical robot at its hospital, that it marketed itself by promoting the advantages of surgery using the surgical robot, and that it permitted Dr. Parra-Davila to perform Mr. Galarza's first surgery using the surgical robot. Payas alleged that Celebration Health had a nondelegable duty when it provided surgical services using a dangerous robotic device and that because the duty was so vitally important to the community, it could not shift its responsibility to an independent contractor. Payas alleged that Celebration Health breached its duties in various ways, causing damage to Mr. Galarza. Payas's allegations were sufficient to state a claim that Celebration Health had a nondelegable duty when it provided the robotic surgery to Mr. Galarza, and the trial court erred in dismissing count I with prejudice. We express no opinion on whether Payas will be able to prove this claim, or any other claim, against Celebration Health.

C. Negligence

Last, Payas argues that the trial court erred in dismissing count II against Celebration Health for negligence. He contends that the count alleged that Celebration Health's liability arises out of its failure to properly maintain and operate the surgical

robot and to properly train its staff on the proper use of the surgical robot. Payas contends that even if Celebration Health's negligence in regard to the surgical robot is considered medical negligence and subject to the presuit notice requirements of chapter 766, he alleged compliance with the presuit notice requirements.

A plaintiff may allege ordinary negligence claims against a hospital. See Feifer v. Galen of Fla., Inc., 685 So. 2d 882, 885 (Fla. 2d DCA 1996) ("[Chapter 766] did not abolish ordinary negligence claims against those who may be in the business of providing medical care or services. If a plaintiff can successfully allege factual matters constituting ordinary negligence, he or she is not precluded from doing so."). But a claim of negligence is subject to the presuit notice requirements of chapter 766 if "[t]he wrongful act [is] directly related to the improper application of medical services[] and the use of professional judgment or skill." Corbo v. Garcia, 949 So. 2d 366, 368 (Fla. 2d DCA 2007) (alterations in original) (quoting Lynn v. Mount Sinai Med. Ctr., Inc., 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997)).

In dismissing count II, the trial court did not determine that Payas's claim constituted a claim for medical negligence that is subject to the presuit notice requirements of chapter 766 or that Payas failed to comply with such requirements; rather, the trial court dismissed the counts as being vague and commingled. As with the other counts above, we conclude that the allegations in count II were sufficient to state a cause of action for direct negligence. See generally Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003) (holding that negligence is comprised of four elements: duty, breach of that duty, proximate cause, and damage). We express no opinion regarding whether count II is subject to the presuit notice requirements of

chapter 766 on the basis that it arose out of the rendering of medical care or services. See Corbo, 949 So. 2d at 369-70 (holding that plaintiff's claim was subject to presuit notice requirements of chapter 766 because she alleged that her injuries were the "direct result of her receiving physical therapy treatment from the" defendants and "[t]he fact that injury was caused by the use of the equipment during the rendering of medical treatment" placed the claim "into the realm of a medical negligence claim"); cf. Broadway v. Bay Hosp., Inc., 638 So. 2d 176, 177 (Fla. 1st DCA 1994) (holding that where plaintiff alleged that she suffered injuries when her hospital bed collapsed, plaintiff sued hospital "for the failure to warn of a dangerous condition or properly maintain a piece of equipment, rather than for breach of some professional standard of care" and complaint was not subject to medical malpractice presuit notice requirements). Payas alleged in his complaint that he complied with the presuit notice requirements of chapter 766, but Celebration Health argued in its motion to dismiss that Payas failed to comply with such requirements. The trial court did not address this issue at the hearing on Celebration Health's motion to dismiss or in its order of dismissal but may consider it on remand. See Lakeland Reg'l Med. Ctr. v. Pilgrim, 107 So. 3d 505, 509 (Fla. 2d DCA 2013) (holding that whether chapter 766 applies to the plaintiff's complaint "should be determined by the trial court applying the law to the facts necessary to make the decision").

III. Conclusion

In sum, Payas's complaint against Celebration Health was not defective. The facts and theories of liability alleged against Celebration Health were sufficient to place Celebration Health on notice of the nature of the claims against it so that it may

defend the claims.  The counts against Celebration Health are interrelated because they are based on a single surgery, and Payas is permitted to allege alternative theories regarding Celebration Health's liability in regard to that surgery.  See Fla. R. Civ. P. 1.110(b) ("Relief in the alternative or of several different types may be demanded."); DiChristopher v. Bd. of Cty. Comm'rs, 908 So. 2d 492, 495 (Fla. 5th DCA 2005) ("[I]f a plaintiff is unsure of the correct legal basis for relief, he may plead in the alternative.  A plaintiff may set out the facts of the occurrence or transaction and demand judgment in his favor on several bases, even mutually exclusive ones." (citing Quality Type & Graphics v. Guetzloe, 513 So. 2d 1110 (Fla. 5th DCA 1987))).  Accordingly, we reverse the order dismissing counts I, II, IV, and V with prejudice and remand for further proceedings consistent with this opinion.

Reversed and remanded.

NORTHCUTT and KELLY, JJ., Concur.