# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3183
LT Case No. 2016-CA-006690

———————————————

MICHAEL GABOR,

    Appellant/Cross-Appellee,

    v.

REMINGTON LODGING AND
HOSPITALITY, LLC, d/b/a/ One
Ocean Resort and Spa, and
ROBERT J. HENDERSON,

    Appellees/Cross-Appellants.

———————————————

On appeal from the Circuit Court for Duval County.
G. L. Feltel, Jr., Judge.

John S. Mills and Jonathan Martin, of Bishop & Mills, PLLC,
Tallahassee, for Appellant/Cross-Appellee.

Kevin D. Franz and Nicholas R. Consalvo, of Boyd & Jenerette,
P.A., Boca Raton, for Appellees/Cross-Appellants.

May 30, 2025

PER CURIAM.

    Appellant, Michael Gabor, who was the plaintiff below in the
negligence action brought against Appellees—Remington Lodging
and Hospitality, LLC, d/b/a One Ocean Resort and Spa,

("Remington") and Remington's employee, Robert Henderson—appeals the final judgment rendered in his favor against Remington following what he argues was an inadequate jury verdict that awarded him damages only for his past medical expenses. Remington cross-appeals, arguing that the trial court erred in denying its motion for directed verdict and its posttrial motion for judgment in accordance with its motion for directed verdict. For the following reasons, we reverse the final judgment entered in favor of Gabor and direct the trial court to enter final judgment in favor of Remington. [1]

## BACKGROUND

A detailed description of the events that led to Gabor filing suit against Remington and Henderson is unnecessary to the resolution of this appeal. Gabor was a guest at the hotel owned by the defendant, Remington. The co-defendant, Henderson, was employed by Remington as a maintenance worker at the hotel. While the trial testimony as to its cause differed greatly, a physical altercation occurred between Gabor and Henderson on the hotel property that resulted in Gabor being injured.

In the operative complaint on which the case proceeded to trial, Gabor sought damages for his injuries on the following causes of action: (1) negligence of Henderson; (2) vicarious liability of Remington resulting from the alleged negligence of its employee, Henderson; and (3) Remington's negligent training and negligent supervision of its agents and/or employees. The parties stipulated that all actions by Henderson were done within the course and scope of his employment with Remington.

The jury found that there was no negligence on the part of Henderson that was a legal cause of damage to Gabor. It separately found that both Remington and Gabor were a negligent cause of Gabor's damages, with the jury assessing Gabor to be 80% at fault for his damages and Remington to be 20% at fault. The

---

[1] Our disposition of the cross-appeal makes it unnecessary for us to address any claims raised by Gabor for reversal in the main appeal.

verdict form did not ask the jury to specifically identify under which theory of negligence that Remington was found liable.

Prior to the case being submitted to the jury, Remington had moved for a directed verdict on Gabor's claim of negligent training and negligent supervision. Remington argued that while it would be vicariously liable for the actions of its employees done within the scope of their employment, it could not, as a matter of law, be separately liable for damages under Gabor's direct claims against it for negligent supervision or negligent training because the undisputed evidence was that its employees had not acted outside the course and scope of their employment. The trial court denied Remington's motion for directed verdict, and it later denied Remington's posttrial motion filed under Florida Rule of Civil Procedure 1.480 for judgment in accordance with its motion for directed verdict that raised the same argument.

STANDARD OF REVIEW

Appellate courts review both a trial court's decision on a motion for directed verdict and a trial court's decision on a posttrial motion for judgment in accordance with a motion for directed verdict under the de novo standard of review. *Dolgen Corp, LLC v. Doty*, 383 So. 3d 864, 866 (Fla. 5th DCA 2024); *Martinez v. Lobster Haven, LLC*, 320 So 3d 873, 880 (Fla. 2d DCA 2021).

ANALYSIS

I.

We first briefly address whether the jury's finding that Remington was 20% negligent is supportable under Gabor's specifically pleaded cause of action that Remington was vicariously liable for the actions committed by Henderson. Under this theory, an employer is liable for the negligence of their employees committed within the scope of their employment. *Luebbert v. Adventist Health Sys./Sunbelt, Inc.*, 311 So. 3d 334, 336 (Fla. 5th DCA 2021) (citing *Cintron v. St. Joseph's Hosp., Inc.*, 112 So. 3d 685, 686 (Fla. 2d DCA 2013)); *see also Mallory v. O'Neil*, 69 So. 2d 313, 315 (Fla. 1954) (providing that under the doctrine of respondeat superior, which makes an employer responsible for the

wrongful acts of the employee if committed within the scope of employment, the negligence of the employer is immaterial "since [the Florida Supreme Court] is committed to the rule that if the employee is not liable the employer is not liable" (citing *Williams v. Hines*, 86 So. 695, 697–98 (Fla. 1920))). Here, because Henderson was specifically found by the jury to not be negligent, Remington, as Henderson's employer, was resultingly not vicariously liable to Gabor for his damages.

II.

Turning to the claims of negligent supervision and negligent training raised against Remington by Gabor, Remington argued in its motions for directed verdict that a cause of action against an employer for the negligent training or negligent supervision of its employees must be based on the employee's actions having been performed outside the course and scope of employment. *See Acts Ret.-Life Cmtys. Inc. v. Est. of Zimmer*, 206 So. 3d 112, 114–15 (Fla. 4th DCA 2016); *Delaurentos v. Peguero*, 47 So. 3d 879, 882 (Fla. 3d DCA 2010) (citing *Mallory*, 69 So. 2d at 315). Gabor's brief candidly, and correctly, conceded that Remington was not liable on his claim that it had negligently trained or negligently supervised Henderson.

Gabor, however, argues that the trial court nevertheless properly denied Remington's respective motions for directed verdict because he presented sufficient evidence to the jury showing that Remington had negligently trained and negligently supervised its acting general manager and the front desk manager who were on duty at the hotel on the day of Gabor's altercation with Henderson.

A motion for directed verdict, as well as a motion for judgment in accordance with a motion for directed verdict, "tests the sufficiency of the evidence presented." *Martinez*, 320 So. 3d at 879–80. Applying this standard, we conclude that the trial court erred in failing to grant Remington a directed verdict. Gabor presented no evidence at trial that any actions taken by either Remington's general manager or its front desk manager were done outside the course and scope of their respective employment, which, as previously indicated, is necessary for the employer to be

4

separately liable for damages for negligent supervision or negligent training. *See Acts Ret.-Life Cmtys.*, 206 So. 3d at 117 (providing that a claim of "[n]egligent supervision is simply not the appropriate claim to bring against an employer whose employees are acting within the scope of their duties"); *Belizaire v. City of Miami*, 944 F. Supp. 2d 1204, 1215 (S.D. Fla. 2013) (recognizing that the alleged acts by employees giving rise to liability of the employer for negligent supervision "*must occur outside the employees' scope of employment*" (citations omitted)).

Lastly, we acknowledge that an action can be brought directly against an employee's supervisor for his or her negligent supervision or negligent training of the subordinate employee (i.e., Henderson), even when the subordinate employee's actions were, as here, within the scope of employment. *See Jones v. Vasilias*, 359 So. 3d 10, 14 (Fla. 4th DCA 2023) ("A claim of negligent hiring, training, retention, supervision, or entrustment against a supervisor individually, *as opposed to the corporate employer*, does not depend on whether the subordinate employee's actions were outside the scope of employment." (emphasis added) (citing *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997–98 (Fla. 4th DCA 2000); *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981))). This principle is inapposite in this case because Gabor never sued Remington's acting general manager or the front desk manager in their individual capacity.

Accordingly, having concluded that the trial court erred in failing to grant Remington's motion for directed verdict, the final judgment entered in favor of Gabor is reversed. We remand with directions to the trial court to enter final judgment in favor of Remington.

REVERSED and REMANDED, with directions.

EDWARDS, C.J., and LAMBERT and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____