IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LOIS VANCE,

      Appellant,

v.

OKALOOSA-WALTON
UROLOGY, P.A., a Florida Profit
Corporation, and/or THOMAS D.
ZACHOS, M.D., as an
Employee/Agent and/or
THOMAS D. ZACHOS M.D.,
Individually,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4272

_____/

Opinion filed November 6, 2017.

An appeal from the Circuit Court for Okaloosa County.
Terrance R. Ketchel, Judge.

J. Alistair McKenzie of the McKenzie Law Firm, P.A., Pensacola, for Appellant.

J. Andrew Talbert and Lindsey M. Romano of Quintairos, Prieto, Wood & Boyer, P.A., Pensacola, for Appellees.

RAY, J.

      Lois Vance appeals a final order dismissing her amended complaint with prejudice for failure to comply with the presuit requirements for medical negligence

claims and for failure to comply with the applicable statute of limitations. The narrow issue presented by this appeal is whether Ms. Vance's amended complaint sounds in ordinary negligence rather than medical negligence. Because we agree with Ms. Vance that it is the former, we reverse and remand for further proceedings.

The amended complaint alleged that Ms. Vance visited Dr. Zachos, a urologist, at his office to have a catheter removed. In the examination room, the doctor provided a step for Ms. Vance to use to ascend onto the examination table. The doctor then moved the step away and performed the procedure. After the procedure, the doctor told Ms. Vance to go to the front desk and schedule another appointment for the following week. The doctor then left the examination room. Ms. Vance began to descend from the examination table, but because the step had been removed, she fell onto the floor. She alleged that the failure to replace the step created a known dangerous condition, and the doctor knew or should have known that he had not replaced the step for her. She claimed she suffered serious and permanent injuries due to her fall.

When evaluating whether a complaint sounds in ordinary or medical negligence, courts must determine from the allegations "whether the claim arises out of the rendering of, or the failure to render, medical care or services." *Doe v. Baptist Primary Care, Inc.*, 177 So. 3d 669, 674 (Fla. 1st DCA 2015) (citations omitted); *see also* § 766.106(1)(a), Fla. Stat. (2011) (defining a claim for medical negligence

2

or malpractice). The core inquiry is "whether the claim relies on the application of the medical malpractice standard of care." *Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1286 (Fla. 5th DCA 2014). Merely "labeling allegations as 'ordinary negligence' is not dispositive." *Shands Teaching Hosp. & Clinics, Inc., v. Estate of Lawson*, 175 So. 3d 327, 331 (Fla. 1st DCA 2015) (en banc). "Courts must look beyond the legal labels urged by plaintiffs and 'must[ ] apply the law to the well-pleaded factual allegations and decide the legal issue of whether the complaint sounds in simple or medical negligence.'" *Id.* (alteration in original) (quoting *Dr. Navarro's Vein Ctr. of Palm Beach, Inc. v. Miller*, 22 So. 3d 776, 778 (Fla. 4th DCA 2009)).

As we have explained before, the mere fact that "a negligent act occurred in a medical setting doesn't make it medical negligence." *Lawson,* 175 So. 3d at 332; *see e.g., Tenet St. Mary's Inc. v. Serratore*, 869 So. 2d 729 (Fla. 4th DCA 2004) (medical center employee inadvertently kicking a patient); *Lake Shore Hosp., Inc. v. Clarke*, 768 So. 2d 1251 (Fla. 1st DCA 2000) (patient's slip and fall in hospital room); *Broadway v. Bay Hosp., Inc.*, 638 So. 2d 176 (Fla. 1st DCA 1994) (collapse of hospital bed). We have described ordinary negligence as something jurors can resolve "by referring to common experience," whereas medical negligence requires "the help of experts to establish what is acceptable, appropriate, and prudent"

3

because jurors cannot determine through "common experience" whether medical standards of care were breached. *Lawson,* 175 So. 3d at 332-33.

While there is no doubt that the line between ordinary and medical negligence may at times be difficult to draw, at this stage of the proceedings we do not believe Ms. Vance's claim sounds in medical negligence. Jurors can use their common experiences to evaluate the act of placing and removing a step used by someone to get on and off a table, just as they could evaluate the act of pulling a chair out from under someone about to sit down. We note that our decision today rests solely on the allegations within the four corners of the amended complaint and should not foreclose a later challenge should the case morph into a medical negligence claim. Because we conclude that the amended complaint alleges a claim of ordinary negligence, we reverse and remand for further proceedings.

REVERSED and REMANDED.

WOLF and BILBREY, JJ., CONCUR.

4