IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ZADYE THOMAS,

     Appellant,

v.

Case No. 5D23-22
LT Case No. 16-2017-CA-007534

ST. VINCENT'S MEDICAL CENTER, INC.,
A FLORIDA NOT FOR PROFIT CORPORATION,

     Appellee.

_____/

Opinion filed August 11, 2023

Appeal from the Circuit Court
for Duval County,
Marianne L. Aho, Judge.

Linnes Finney, Jr. and Louis Manoly
Thermilus, of Simmons, Finney &
Winfield, LLC, Port St. Lucie, for
Appellant.

James Brent Allen and Ashley
Martell Fromm, of Hall Booth Smith,
P.C., Jacksonville, for Appellee.

EDWARDS, C.J.,

Zadye Thomas appeals the order granting Appellee's, St. Vincent's Medical Center, Inc., motion to dismiss with prejudice her amended complaint for premises negligence. Appellant's amended complaint alleges that she was a business invitee of Appellee's and fell on a slippery, wet floor while walking to a restroom in Appellee's place of business; in other words, a typical slip and fall complaint. There were absolutely no allegations in the amended complaint stating that Appellant was a patient receiving medical care or treatment. Nevertheless, the trial court agreed with Appellee that this was really a claim for medical negligence and dismissed it because Appellant had not complied with the pre-suit notice requirements set forth in section 766.101, Florida Statutes. We reverse and remand for further proceedings because the trial court erred when it failed, at this stage of the proceedings, to treat this as a simple negligence case.

In her amended complaint, Appellant alleges that while she was at Appellee's premises walking towards the restroom she slipped and fell. The only cause alleged for the slip and fall was that the floor was wet and slippery. The only duties allegedly breached were Appellee's duties to properly maintain the floor in a safe condition or to warn of the dangerous condition, i.e., the wet, slippery floor. Appellant did not allege that Appellee had

2

breached any prevailing professional standard of care owed to her by a health care provider, which allegation would be required to plead a medical malpractice claim. *See* § 766.102(1), Fla. Stat. Appellant included customary, garden-variety slip and fall allegations: that the condition had existed long enough for Appellee to have been on notice, and that she was injured and suffered damages as a result of Appellee's negligence.

Appellee moved to dismiss, referring to matters outside the four corners of the amended complaint, namely that Appellant was a patient at Appellee's facility and that the reason she fell was that she became weak while walking to the restroom with assistance from a nurse. The trial court obviously relied upon these additional matters in reaching its decision to dismiss the amended complaint.

"Appellate courts review an order granting a motion to dismiss de novo." *Dziegielewski v. Scalero*, 352 So. 3d 931, 932 (Fla. 5th DCA 2022). When considering a motion to dismiss, courts must confine their review to the four corners of the complaint. *Id*. at 933; *K.C. Quality Care, LLC v. Direct Ins. Co.*, 357 So. 3d 181, 181 (Fla. 5th DCA 2022). "The allegations set forth in the complaint must be assumed to be true and all reasonable inferences arising therefrom are taken in favor of the plaintiff." *Dziegielewski*, 352 So. 3d at 933; *see also K.C. Quality Care*, 357 So. 3d at 181.

3

"In determining whether an action sounds in medical malpractice, courts must—on a case-by-case basis—examine the allegations in the complaint and accept them as true." *Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1285 (Fla. 5th DCA 2014). "[B]ecause the pre-suit requirements of the FMMA limit the constitutional right of access to courts, they must be narrowly construed." *Id.* This Court has explained that "the mere fact that a wrongful act occurs in a medical setting does not automatically transform the contested action into one that sounds in medical malpractice; the wrongful act must be 'directly related to the improper application of medical services and the use of professional judgment or skill.'" *Id.* at 1286. The Florida Supreme Court has confirmed that this is the applicable standard. *Nat'l Deaf Acad., LLC v. Townes*, 242 So. 3d 303, 305 (Fla. 2018) ("In accordance with the Legislature's definition of medical malpractice and this Court's relevant case law, we hold that for a claim to sound in medical malpractice, the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill.").

We understand that it is not always easy to distinguish between a claim for medical malpractice and a simple premises liability claim, but the cases do provide helpful guidance. For example, in *Vance v. Okaloosa-Walton*

*Urology, P.A.*, 228 So. 3d 1199, 1200 (Fla. 1st DCA 2017), the plaintiff fell while descending from the examination table following her examination by the physician. It seems that the doctor had provided a step stool for Ms. Vance to get onto the table, moved the stool during the procedure, told her to get off the table, and left the room without putting the step stool back in place. *Id.* Ms. Vance alleged in her complaint that she fell to the floor because the stool had been moved. *Id.* The trial court dismissed Ms. Vance's complaint with prejudice for failing to comply with the pre-suit medical malpractice requirements.

The First District reversed in *Vance*. "We have described ordinary negligence as something jurors can resolve 'by referring to common experience,' whereas medical negligence requires 'the help of experts to establish what is acceptable, appropriate, and prudent' because jurors cannot determine through 'common experience' whether medical standards of care were breached." *Id.* at 1200–01 (quoting *Shands Teaching Hosp. & Clinics, Inc. v. Estate of Lawson,* 175 So. 3d 327, 332–33 (Fla. 1st DCA 2015)). Applying that test to Ms. Vance's claim, the First District concluded that, "[j]urors can use their common experiences to evaluate the act of placing and removing a step stool used by someone to get on and off a table,

5

just as they could evaluate the act of pulling a chair out from under someone about to sit down." *Id.* at 1201.

In another fall case, *South Miami Hospital, Inc. v. Perez*, 38 So. 3d 809 (Fla. 3d DCA 2010), the Third District quashed the trial court's order denying the hospital's motion to dismiss. The complaint at issue in that case alleged that Mr. Perez was injured and later died while a patient in the hospital's critical care unit, allegedly falling from his bed while unrestrained and unattended by the hospital's employees who failed to monitor or supervise Mr. Perez. *Id.* at 810–11. The Third District rejected the claim that Mr. Perez was merely a business invitee and held that the complaint should have been dismissed for failure to comply with the medical malpractice pre-suit requirements. It determined the allegations of that complaint could only be proved through evidence of whether the alleged action of a health care provider, i.e., a nurse failing to properly monitor Perez, violated the prevailing standard of care. *Id.* at 812.

We find the instant amended complaint fits into the category of a simple negligence case that can be resolved without reference to any medical standards of care. Accordingly, it should not have been dismissed as a non-compliant medical malpractice case. However, should the case change over time, morphing into a medical malpractice case, Appellee would not be

6

foreclosed from seeking dismissal or summary resolution on the same grounds it successfully pursued below.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

JAY and BOATWRIGHT, JJ., concur.