# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

No. 1D2024-0817

———————————————

HOLLY BROTHERS and JAIDON
NAQUIN,

    Appellants,

    v.

TRICIA M. PERCY, D.O.; ALL
ABOUT WOMEN, OB-GYN,
PANAMA CITY, LLC; ANTONIO
ESTEBAN PENA, M.D.; and PAULA
C. FULFORD, APRN,

    Appellees.

———————————————

On appeal from the Circuit Court for Bay County.
James Jefferson Goodman, Jr., Judge.


August 13, 2025

PER CURIAM.

When a party files a lawsuit in Florida alleging claims arising from the care or services of a medical provider, or the failure to render care or services, the party must comply with the requirements of the Medical Malpractice Reform Act, chapter 766, Florida Statutes. In this case, Holly Brothers and Jaidon Naquin, who were parents of an ailing newborn son, asserted that the Act did not apply to their common law intentional infliction of emotional distress allegations against various medical

professionals who stopped treating their son prior to his death in the hospital. But the trial court didn't agree. It ruled that chapter 766 applied and dismissed Appellants' lawsuit for failing to comply with the Act's requirements.

We affirm the trial court's ruling because the allegations in the second amended complaint arise from Appellants' disagreement and distress with Appellees' medical decision not to resuscitate or offer life-saving measures to their son after an initial examination. § 766.106(1)(a), Fla. Stat. (2025) (defining a "claim for medical malpractice" to encompass "a claim, arising out of . . . the failure to render . . . medical care or services"); *see also Vance v. Okaloosa-Walton Urology, P.A.*, 228 So. 3d 1199, 1200 (Fla. 1st DCA 2017) (recognizing that "[c]ourts must look beyond the legal labels urged by plaintiffs and must apply the law to the well-pleaded factual allegations and decide the legal issue of whether the complaint sounds in . . . medical negligence") (quotation omitted); *St. Mary's Hospital, Inc. v. Phillipe*, 769 So. 2d 961, 968 (Fla. 2000) (citing *Bombalier v. Lifemark Hosp. of Florida*, 661 So. 2d 849 (Fla. 3d DCA 1995) (defining a "claimant" under the medical malpractice statute to include persons with derivative claims); *Bombalier*, 661 So. 2d at 852 (finding the term "claimant" to embrace more than the patient who directly experienced the departure from the standard of care by the health care provider), *review denied*, 666 So. 2d 901 (Fla. 1996). The core legal inquiry here would involve a medical negligence question evaluating the acceptability of Appellees' medical treatment decisions under the medical malpractice standard of care. § 766.102(1), Fla. Stat. (2025) ("The prevailing professional standard of care for a given health care provider shall be that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers."); *see also Halsey v. Hoffman*, 362 So. 3d 274 (Fla. 2d DCA 2023) (finding a plaintiff's IIED and other allegations to state medical negligence claims).

AFFIRMED.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jack Walter Lurton, III of Rafferty Domnick Cunningham Yaffa, and James Nixon Daniel, III of Phelps Dunbar, LLP, Pensacola, for Appellants.

Thomas Earle Dukes, III of McEwan, Martinez, Dukes, Hall & Vancol, P.A., Orlando, Wilbert Rhulx Vancol of McEwan, Martinez, Dukes, Hall & Vancol, P.A., Orlando, Joseph Eugene Brooks of Brooks Law, Tallahassee, and Jerry Lewis Rumph, Jr. of Brooks Law, Tallahassee, for Appellees.